Amos B. Thornton, Plainitiff in Error, v. Life Association of America, Defendant in Error.

November 4, 1879.

1. That the examination of a long account may be involved for the purpose of establishing some issue in the case, does not make the case one to be referred without consent.

2. The permission to refer the whole case without consent applies only where the determination of the matter in controversy involves the examination of long accounts between the parties, and the adjustment of the items thereof.

ERROR to St. Louis Circuit Court.

*Reversed and remanded.*

T. A. RUSSELL, for plaintiff in error, cited: *Dederich* v. *Richley*, 19 Wend. 110; *Sharp* v. *Mayor*, 18 How. Pr. 216; *Keeler* v. *Plank-road Co.*, 10 How. Pr. 11; *Lord* v. *Connor*, 48 How. Pr. 95; *Kane* v. *Delano*, 11 Abb. (N. s.) 29; *Graham* v. *Golding*, 7 How. Pr. 260; *Turner* v. *Taylor*, 2 Daly, 282; *Dooley* v. *Barker*, 2 Mo. App. 325.

IRWIN Z. SMITH, for defendant in error.

BAKEWELL, J., delivered the opinion of the court.

The allegations of the petition are, that plaintiff, by contract with defendant, was its district agent at a salary of $60 a month and a commission of twelve and a half per cent on first premiums and five per cent on renewal premiums, to continue whilst the policies remained in force; that after this contract had been in force ten months, it was so modified that plaintiff was to receive a salary of $125 a month and commissions on renewal premiums as before, which was afterwards modified in a manner stated, the commissions on renewal premiums remaining the same. Plaintiff remained in defendant's employ under these contracts until July 11, 1870, and procured many policies, the annual income on which amounted to $8,500, on which he was entitled to five per cent; that defendant discharged plaintiff wrongfully, refused to allow him to collect the renewal premiums, or to pay him the commissions to which he was entitled; that the present value of renewals, as computed by an actuary, is $3,000, at which sum the plaintiff lays his damages. The second count is for damages for a breach of contract of a similar character by which plaintiff became the agent of defendant, to secure as compensation for his services the same commissions and renewals as were paid to the district agents; under which contract plaintiff says he worked from July, 1870, to August, 1871, and by the terms of which he says he was entitled to renewal com-

missions of five per cent on all policies taken by him. Under this contract, he says, he is entitled to five per cent on an annual income of $6,500 ; that he was dismissed without fault on his part ; and that defendant wrongfully refused to allow him to collect the renewal premiums, or pay him the commissions to, which he was entitled. He says that the present value of these commissions is computed by an actuary at $2,000, for which he asks judgment.

The answer is a general denial ; and further, that the contracts set out were abrogated by a subsequent contract, with the terms of which plaintiff did not comply, in consequence of which he was lawfully discharged.

On motion of defendant, and against the objection of plaintiff, the cause, so soon as the issues were made up, was referred to a referee.

The only question for our consideration is whether the court erred in referring the case without the consent of both parties.

The court may, where both parties do not consent, direct a reference, " where the trial of an issue of fact shall require the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue, and to report upon any specific question of fact involved therein." In no other case can the referee be directed to hear and decide the whole issue. Where, during the progress of a cause, it appears that the taking of an account is necessary for the information of the court, a reference may be had for that special purpose. Wag. Stats. 1041, sect. 18.

It is well settled, both here and in New York (from which State the provision of our statute is derived), that the permission to refer the whole issue without consent applies only to cases where accounts, in the ordinary meaning of that term, exist between parties and require examination.

But, though in an action the examination of an account between the parties is in its nature referable if the account

be long, the mere fact that a long account is involved which may have to be examined to establish some issue in the action will not make a case referable without consent. The case must turn upon the adjustment of the items constituting the account. It was not the intent of the Legislature, says Judge Bronson in *Dederick* v. *Richley*, 19 Wend. 110, to take away the right of trial by jury merely on the ground that the accounts and dealings of the parties might incidentally come in question. "They intended to provide for those cases only where an account was *directly* involved in the issue, and where little was to be done beyond a proper adjustment of the dealings of the parties." "Though the quantity and value of the goods are necessarily involved," say the court in *Freeman* v. *Insurance Company*, 13 Abb. Pr. 125, "yet it can hardly be said that such a claim involves the examination of an account. An account of one party against another is a series of charges for goods sold, etc., and is not merely introduced in evidence for the purpose of estimating damages, but is the foundation of the action."

The pleadings in this case show no long accounts between the parties to be examined. The referee found for the defendant on the issues, without considering any accounts at all. Nor does it appear that the claim as set out could involve accounting or accounts in any proper sense of the word. As is said by Judge Wagner in *Lewis* v. *Insurance Company*, 61 Mo. 539, "a custom exists with insurance companies by which adjustments are made as to the value and renewal of policies for any given length of time. By the use of statistical tables and comparisons, a remarkable degree of accuracy is obtained; and where the connection ceases between an agent and the company, it is the only mode of ascertaining or adjusting the agent's interest. The calculation of the actuary has been reduced to scientific principles, and it must be resorted to, else there would be a failure of justice on one hand or the other; the damages

would be merely speculative." This work of the actuary is not the taking of an account between the parties; and if the issues had been found for plaintiff, the damages must have been ascertained by expert testimony; but it does not appear that there need have been any examination of accounts.

The uniform tenor of decisions in New York upon the clause in their Code of Procedure, which is identical with our own, leaves no room for doubt as to the meaning of the law. No cause can be referred without consent, except as expressly authorized by statute. *Kain* v. *Delano*, 11 Abb. Pr. (N. S.) 35; 2 Daly, 282; *Turner* v. *Taylor*, 10 How. Pr. 11; 18 How. Pr. 207; 40 How. Pr. 162. The present action was in no way founded upon an account of any kind.

We think that the learned judge erred in referring the cause against the objection of defendant, and the judgment is therefore reversed and the cause remanded.