CARUTH-BYRNES HARDWARE COMPANY v. WOLTER; LEE, *Interpleader, Appellant.*[1]

1. **Practice** : REFEREE, RIGHT OF COURT TO CORRECT FINDINGS OF. The right of the court to correct the findings of facts by a referee, on the evidence, is confined to those cases where the court may, under Revised Statutes, section 3606, direct a reference without the consent of the parties, and to suits in equity, where the parties have consented to the reference.

2. ————— : —————. But, in actions at law, not involving the examination of a long account, and not coming within the terms of Revised Statutes, section 3606, providing for compulsory references, the reference can only be had by consent of the parties, and such consent goes no further than the express terms of the stipulation. Consent, in such cases, to refer the cause to a particular referee, gives the court no power to appoint other or different referees, nor does it give the court the right to hear and determine the issues of fact.

3. ————— : DEFENCE AT LAW : REFERENCE. A creditor levied an attachment upon the goods of his debtor, and another creditor interpleaded, claiming the goods under a chattel mortgage, executed in his favor by the debtor. The attaching creditor, in answer to the interplea, set up that the mortgage was executed by the debtor to defraud and hinder his other creditors. *Held,* that the defence

was one at law, and, the court having refused to confirm the report of the referees therein, could not make findings of its own and enter judgment thereon.

4. ———— : SPECIAL FINDINGS BY REFEREE. Where parties desire specific findings by the referee, they should have it stipulated to that effect in the order of reference.

5. Practice in Supreme Court : VERDICT AGAINST WEIGHT OF EVIDENCE : TRIAL COURT. While the Supreme Court cannot interfere with a verdict, where there is evidence to support it, the trial court is vested with large discretion in that behalf, and may award new trials on the ground that the verdict is against the weight of the evidence. The same rule is applicable to reports of referees, in actions at law.

*Appeal from Laclede Circuit Court.* — HON BEN. V. ALTON, Judge.

REVERSED.

*Smith & Krauthoff* and *J. P. Nixon* for plaintiff in error.

(1) The finding of the referees was equivalent to the verdict of a jury. *Western, etc., v. Kribben,* 48 Mo. 37; *Pendergast v. Eyermann,* 16 Mo. App. 389. (2) The plaintiff consented to accept the referees as substitutes for a jury, but did not so consent as to the judge. *Kenward v. Peck,* 19 Mo. App. 342. (3) The action is one at law, being determined as to its character by the petition, and plaintiff had a constitutional right to a jury. *Jocelyn v. Mamaghan,* 17 Mo. App. 11; *Smith v. St. Louis,* 14 Mo. App. 522. (4) The only actions at law subject to a compulsory reference are those involving the examination of a long account. *Silmser v. Redfield,* 19 Wend. 21; *Dederick v. Richley,* 19 Wend. 108; *Levy v. Insurance Co.,* 26 Wend. 687; Edwards on Refs., p. 91. (5) The case is purely a proceeding at law, "in the nature of an action of replevin." Unless the parties consented to a reference, none could be had, under the constitution. *Evans v. Kalffleisch,* 16 Abb. Pr. (U. S.) 13; *Barnes v. West,* 16 Hun, 68; *Lamaster v. Scofield,*

5 Neb. 148; *Railroad v. Gardner*, 19 Minn. 132. (6) The court can substitute a referee only by consent or in a case referable *in invitum*. (7) The previous reference in no wise cuts off the right to trial by jury, and the case could not have been tried before any other tribunal, except by another consent. *Preston v. Morrow*, 66 N. Y. 452; *Daverkoson v. Kelley*, 43 Cal. 477; *Hopkins v. Sanford*, 41 Mich. 243, 248; *Hamer v. Bliss*, 7 How. Pr. 246; *Smith v. Warner*, 14 Mich. 152, 159; *Catlin v. Adirondack Co.*, 81 N. Y. 379. (8) There was no good cause for setting aside the report of the referees. It could not be done arbitrarily. *Tingley v. Dolby*, 13 Neb. 371. (9) It was not necessary that the referees should make special findings of fact. *Gibson v. Stetzer*, 3 Hun, 539; *Heckers v. Fowler*, 2 Wall. 123; *State v. Petticrew*, 19 Mo. 373. Where there is substantial evidence to support the finding of the referee, it should not be disturbed. *Father Matthew Society v. Fitzwilliam*, 84 Mo. 406; *Ferry Co. v. Railroad*, 73 Mo. 389. (10) There was no fraud, actual or constructive, in the transfer to Lee. The latter took the property in good faith, and had a right to accept, even if he thereby took a preference. *Shelley v. Boothe*, 73 Mo. 75; *Dougherty v. Cooper*, 77 Mo. 528; *Ryan v. Young*, 79 Mo. 30; *Steadman v. Hayes*, 80 Mo. 319.

*Hough, Overall & Judson* for defendant in error.

(1) The answer to the interpleader being an equitable one, the trial court had the authority, after sustaining the exceptions to the referees' report, to review the evidence and to make a finding of its own. *Smith v. Paris*, 70 Mo. 615; *Ely v. Ownby*, 59 Mo. 437. (2) The trial court had the right to set aside the report of the referees, because their finding was against the weight of the evidence. *Daly v. Timon*, 47 Mo. 516. (3) Even in an ordinary law case, the trial court has the authority,

under our practice act, after sustaining exceptions to a referee's report, to examine the evidence and render a finding and judgment of its own. R. S., 1879, sec. 3605; R. S., 1845, p. 845, *et seq.; Smith v. Paris*, 70 Mo. 621; *Ely v. Ownby*, 59 Mo. 437; *Billings v. Vanderbrek*, 15 How. Pr. 297. (4) The evidence fully sustains the finding of the trial court in respondent's behalf. *Bullene v. Smith*, 87 Mo. 185; *Weber v. Armstrong*, 70 Mo. 270. A mere knowledge of intent on the part of the vendor to hinder or delay his other creditors, in case of sale, renders such sale fraudulent and void. *Frederick v. Allgaier*, 88 Mo. 598.

BLACK, J.—This suit was commenced by attachment; and under the writ the sheriff levied upon a stock of goods, consisting of hardware, etc., as the property of the defendant, C. F. Wolter. J. S. Lee, who had possession of the property at the date of the attachment, filed an interplea, claiming the property by virtue of two chattel mortgages made by Wolter to him to secure two notes of two thousand dollars each. To this interplea the plaintiff made answer, and the issues thus joined were, by consent of the parties, referred to three designated persons "to hear and determine the same, and make a finding on all of the issues involved in the case." The referees heard the evidence and made a report, which is a general finding of the issues for the interpleader, and that he is entitled to the property claimed in the interplea. They also reported all of the evidence. To the report the plaintiff filed sixteen exceptions, one of which is, that the referees erred "because their finding is not supported by the evidence." The other exceptions worthy of notice are that the referees failed to make specific findings upon a number of alleged issues. The court sustained the exceptions as a whole, and without again referring the matter made its own findings on the reported evidence and entered

judgment for plaintiff, and this action of the court presents the first question for consideration.

I.   Under the present statute, the constant practice in a large class of cases is for the courts to review the findings of the referee upon the evidence reported by him, and to correct the findings when erroneous.   When the evidence is preserved, these findings may be reviewed and corrected on an appeal to this court. *Ely v. Ownby*, 59 Mo. 438; *O'Neil v. Capelle*, 62 Mo. 208; *Smith v. Paris*, 70 Mo. 616.   But an examination of these cases will show that they either involved an examination of a large account, or were suits in equity.   The right of the court to correct the findings of facts made by the referee on the evidence reported must be confined to those cases where the court may, under section 3606, Revised Statutes, direct a reference without the consent of all the parties, and to suits in equity where there is a reference by consent of all the parties.   Even in the cases last enumerated, it will often be found advisable, upon exceptions being allowed, to again refer some, or all, of the issues, with or without instructions, as the case may require.   But in actions at law, not involving the examination of a long account, and not coming within the terms of section 3606, the practice must, in the very nature of things, be different. In such cases, the parties are entitled to a jury as a matter of right, and the findings of the referee stand as a special verdict and must be treated as such.   The reference in such cases can only be had by the consent of the parties, and that consent goes no further than the express terms of the stipulation.   Consent to refer such an action to a particular referee gives the court no power to appoint other or different referees, nor does it give the court any right to hear and determine the issues of fact.   It may be asked why, then, are the referees required to report the evidence?   The answer is two-fold : (1) ‘That the court may see that there is some evidence

to support the findings. (2) That the rulings of the referee upon evidence offered may be reviewed. If, for any reason, the agreed reference fails, then the cause stands for trial as if no reference had been made. *Preston v. Morrow*, 66 N. Y. 452.

II. The claim made by the respondent, that the answer to the interplea presents an equitable defence, cannot be sustained. The interpleader simply intervened in the attachment suit, set up the mortgages and claimed the property by virtue of them. The substance of the answer is, that these mortgages were made to hinder, delay, and defraud the creditors of Wolter, and were, therefore, void. The issues thus made were properly triable by a jury. *Earl v. Hart*, 89 Mo. 263. The fact that the answer details much evidence does not change the character of the defence. It was purely a legal one. It follows, from what has been said, that the court erred in making findings of its own and in entering a judgment thereon.

III. If the parties desired specific findings by the referees, they should have so stipulated in the order of reference. In the absence of any statute requiring specific findings, a general finding will be sufficient, unless the order of reference directs otherwise. *Odd Fellows v. Morrison*, 42 Mich. 521. As there were no such directions in the order, and our statute does not require the referees to make specific findings, it follows that all of the exceptions, unless it be the one that the finding was not supported by the evidence, should have been overruled.

IV. As to this exception, it is sufficient to recall the principle that the report stands as a verdict. While this court cannot interfere with a verdict where there is evidence to support it, the trial court is vested with a large discretion in that behalf, and may award new trials on the ground that the verdict is against the weight of the evidence. The same rule applies to the

report of referees in these actions at law. *Daly v. Timon*, 47 Mo. 516. It was, doubtless, upon this ground that the exceptions were sustained, and while we may differ with the trial court as to the weight of the evidence, still its action in this respect is not error of law which we can review.

The judgment is reversed and the cause remanded for new trial by the court and a jury, unless a jury is waived or new referees agreed upon. All concur.

