CREVE COEUR LAKE ICE COMPANY v. MAX TAMM *et al., Appellants.*

Division Two, March 23, 1897.

1. **Appellate Jurisdiction**: TRIAL BY JURY: REFEREE.  In the trial of a cause in the circuit court a referee was demanded for the examination of an account; this demand was resisted and a jury asked, but a referee was appointed. *Held*, that the cause was properly transferred to this court by the court of appeals as involving the construction of section 28, article 2, Constitution of 1875, which says that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate."

2. **Trial by Jury**: APPOINTMENT OF REFEREE: MEANING OF CONSTITUTION.  Section 2138, Revised Statutes 1889, providing that the trial court may, without the consent of parties, appoint a referee for the examination of a long account where such account is the issue, is not an infringement on the constitutional guaranty that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate," because such provision had been the established rule of practice for many years before the adoption of the present Constitution.

3. **Appointment of Referee**: LIMITATIONS.  The action of the trial court in appointing a referee to pass on an account is open to review;

VOL. 138 mo—25

it is not a matter entirely within the discretion of the trial judge. (*Fitzgerald v. Hayward et al.*, 50 Mo. 516, in part overruled.)

4. ———: ———. As the statute ( R. S. 1889, sec. 2138) is an exception to the right of trial by jury, this court will not extend its meaning; a case should clearly appear to fall within the letter and principle of the statute before a party can be deprived of his jury trial.

5. ———: ———. Where the whole case could have been tried by a jury in a short time, without any unnecessary delay or complication, the action of the trial court in appointing a referee, without the consent of one of the parties, will be reversed.

6. ———: ———. A case reviewed and the appointment of a referee *held* to be unnecessary.

*Transferred from St. Louis Court of Appeals.*

REVERSED AND REMANDED.

*Everett W. Pattison* for appellants.

(1) There is no issue of fact which requires the examination of a long account within the meaning of Revised Statutes 1889, section 2138. *Dooley v. Barker*, 2 Mo. App. 325; *Ittner v. St. Louis Exposition*, 97 Mo. 561. (2) If this case can be said to involve an account, it is certainly not a long one. (3) If exhibit "A" were in fact an account, then under section 2075, Revised Statutes 1889, plaintiff was precluded from giving any evidence of the items thereof, since said account was neither set forth in nor attached to the petition. (4) The action is one for breach of contract, sounds in tort, and is not referable under the statute. *Van Renseller v. Jewett*, 6 Hill, 373; *Camp v. Ingersoll*, 86 N. Y. 433; *Untermeyer v. Beinhauer*, 105 N. Y. 521; *Johnson v. Railroad*, 139 N. Y. 449. (5) No discretion was vested in the court. It was a case of lack of power. *Martin v. Windsor Hotel Co.*, 70 N. Y. 101; *Fitzgerald v. Hayward*, 50 Mo. 516; *Kent v. Highleyman*, 28 App. 614. (6) The finding of the referee was excessive under the admissions in the pleadings. (7) Under the evidence, the referee erred in finding substantial damages in favor of the plaintiff.

*Dickson & Smith* for respondent.

The case was properly referred by the lower court. *Ittner v. Exposition*, 97 Mo. 568; *Chambers v. Appleton*, 84 N. Y. 649; *Bank v. Owen*, 101 Mo. 558; *Edwardson v. Garnhart*, 56 Mo. 81; *Leavel v. Porter*, 52 Mo. App. 632; *Smith v. Haley*, 41 Mo. App. 611; *Nachtsheim v. Turner*, 36 N. W. Rep. 637; *Sutton v. Wegner*, 74 Wis. 347.

GANTT, P. J.—This appeal has been transferred to this court by the St. Louis Court of Appeals, because the construction of section 28, article 2, of the Constitution of Missouri, 1875, is involved.

By that section "the right of trial by jury *as heretofore enjoyed*" is preserved "inviolate."

A jury was demanded and the appointment of the referee to try this case was contested at every step. We think the right to a jury was sufficiently claimed in the trial court and its denial was excepted to at every stage of the proceeding. *State ex rel. Campbell v. Court of Appeals*, 97 Mo. 276.

It follows that this court has jurisdiction because a construction of that provision of the Constitution of this State, guaranteeing a jury trial, was and is involved.

2. As early as the year 1845 it was provided by statute that "when it shall appear to the court that the trial of an action will require the examination of a long account on either side, such court may without consent make an order referring the cause to referees to hear and report their findings. R. S. 1845, chap. 136, sec. 24, p. 825. That provision was substantially preserved in the code of 1849, article 16, page 91, Laws of Missouri, 1849. In 1851, the constitutionality of article 16 of the code of 1849 was questioned in *Shepard v. Bank*

*of Missouri*, 15 Mo. 144, and the Supreme Court unanimously held that it did not infringe upon the right of trial by jury and was not unconstitutional.

With the same constitutional guaranty in the Constitution of 1865, the same statutory provision was continued in the General Statutes of 1865, section 18, 169, page 674.

In *Edwardson v. Garnhart*, 56 Mo. 81, it was contended that if our statute, above quoted, providing for the reference of cases, was to be construed to include *actions at law*, the statute itself was unconstitutional and void. Wagner's Stats., p. 1041, sec. 18. But this court, through Judge VORIES, answered that: "It is not to be presumed that the provision of the Constitution relied on was intended to change the law as it then existed and had been practiced in the State for a quarter of a century; the object of the framers of the Constitution must have been to preserve the right of trial by jury, as it *then* existed and had been practiced in this State, and *not to establish a new rule of practice on that subject.*"

This, then, was the state of the law when the Constitution of 1875 was framed and submitted to the people of Missouri for adoption. As then understood and construed by the court of last resort in this State, neither the Constitutions of 1820 nor that of 1865 prohibited the courts from referring cases without the consent of either party in the cases mentioned in the statutes. The right to a jury trial then was modified to this extent by this power to appoint referees.

These references had been sanctioned by the statutes, and the opinions of the Supreme Court many years before that Constitution was framed, and when the people adopted it, they ratified the provision as to jury trial as it had been enjoyed previously thereto; that is to say, they adopted it with the construction

already placed upon it; otherwise, the words "as here-. tofore enjoyed" are utterly meaningless. This is the construction placed upon the same provision in the Constitution of New York by the courts of that State. *Lee v. Tillotson*, 24 Wend. 337; *Sands v. Kimbark*, 27 N. Y. 147. The same conclusion was reached under similar circumstances by the Supreme Court of Wisconsin. *Mead v. Walker*, 17 Wis. 189; *Cairns v. O'Bleness*, 40 Wis. 469; *Monitor Iron Works v. Ketchum*, 47 Wis. 177.

So that both reason and authority concur in holding that where compulsory references were sanctioned and practiced in the State previous to the adoption of the Constitution, and the Constitution by its terms simply preserves the right of trial by jury as heretofore enjoyed, such a provision merely continues the right as it previously existed and does not deprive the courts of the power they possessed previous to the adoption of the Constitution of ordering or directing references in certain cases without consent. We are of opinion that the statute permitting references without consent, as construed prior to the adoption of the present Constitution, is not unconstitutional. See on this point, *Wentzville Tobacco Co. v. Walker*, 123 Mo. 662.

3. It remains only to determine whether the circuit court erred in holding that this was a case falling within the terms of the statute. To say in broad terms that "the whole subject of reference (under sec. 2138, R. S. 1889) is a matter of discretion" (*Fitzgerald v. Hayward et al.*, 50 Mo. 516), is to announce that the circuit court's action in any given case is not open to review. We can not and do not subscribe to this statement of the law. It is true, as well held in that case, that the court need not refer a case, even if a long account is to be examined, but it does not follow that an erroneous reference may not be made under the

ostensible authority of that statute.  We hold it a matter to which either party may object at the time, and if his objections are overruled, may except.  This is clearly the practice in this State.  *Callahan v. Shotwell*, 60 Mo. 398; *Young v. Powell*, 87 Mo. 128.

In actions at law not involving the examination of a long account, and not coming within the terms of section 2138, Revised Statutes 1889, a reference can not be made without the consent of a party.  In all actions at law not falling within the terms of section 2138, our bill of rights (sec. 28, art. 2, Const. of Mo.) secures to either party a trial by jury as a matter of right.

As to what constitutes an account within the meaning of section 2138, *supra*, it was held in *Ittner v. St. Louis Exposition Company*, 97 Mo. 561, that "an account is a detailed statement of the mutual demands in the nature of a debt and credit between parties, arising out of contract or some fiduciary relation."  It was further held in that case that an itemized claim for damages growing out of a breach of a contract was properly referred, and *Chambers v. Appleton*, 84 N. Y. 649 was expressly approved.  With these principles settled, let us apply them as best we may to the facts of this case.

The action is bottomed upon a written contract for furnishing ice during the year 1891.  The petition sets out the contract *in haec verba* from which it appears that defendants agreed to furnish plaintiff during May, 1891, thirteen cars of ice of not less than eighteen and not more than twenty tons each.  It then charges that an account rendered by defendants for ice for that month amounted to $705.53; that this was $38.63 in excess of what plaintiff was bound to pay defendants. The pleader then proceeds to aver the failure of defendants to furnish the ice according to contract for the

months of June, July, August, September, October, and November, 1891, in these words:

Plaintiff further states that it has performed all of the terms and conditions by said agreement required to be performed on its part, and has at all times been ready and willing to comply with and perform all of the terms, provisions and conditions of said contract on its part to be complied with or performed; but that said defendants have failed and refused to perform their part of said agreement and comply with the terms, provisions and conditions of said contract, in this, that the said defendants have wholly failed and refused to furnish seventeen (17) of the twenty-six (26) cars of ice by them agreed to be furnished during the said month of June, and have wholly failed and refused to furnish any of the cars of ice which, under their said agreement, they agreed to furnish during the said months of July, August, September, October and November.

That by reason of the said failure on the part of defendants to furnish said ice as aforesaid, plaintiff was compelled to and did procure the said seventeen cars of ice, as aforesaid agreed to be furnished by defendants during said month of June, and which as aforesaid defendants failed and refused to furnish; and was also compelled to and did procure the quantities of ice as aforesaid agreed to be furnished plaintiff by defendants during said months of July, August, September, October and November. That said ice, which defendants as aforesaid failed and refused to furnish plaintiff, and which plaintiff procured as aforesaid, was procured by plaintiff at the lowest possible prices for which the same could be obtained. That plaintiff necessarily expended in procuring said ice, which defendants failed and refused to furnish as aforesaid under said agreement, a sum in excess of the price for which

defendants agreed to furnish the same as aforesaid, amounting to, in the aggregate, the sum of, to wit, thirty-four hundred and fifteen and $\frac{87}{100}$ dollars ($3,415.87). That the dates upon which said ice was so procured by plaintiff, together with the quantities procured, the price at which defendants agreed to furnish the same under their agreement and the actual cost thereof to plaintiff, is fully set forth in the account herewith filed and marked exhibit "A."

Wherefore, plaintiff prays judgment for the sum of thirty-four hundred and fifty-four and $\frac{50}{100}$ dollars ($3,454.50).

The itemized statement is in words and figures as follows:

"EXHIBIT A.".

St. Louis, December 1, 1891.

Tamm Ice and Cold Storage Co.

To Creve Coeur Lake Ice Co., Dr.

| 1891. | | TONS. | PER TON. | |
|---|---|---|---|---|
| May...Ice paid for as per Tamm's Ice and Cold Storage Co., May statement | | $247\frac{1129}{2000}$ | $2 85 | $705 53 |
| May...Ice receivable as per contract in May | | 234 | 2 85 | 666 90 |
| Overpaid on May account | | | | $ 38 63 |

| | CARS. | TONS. | COST OF NATURAL ICE PER TON. | COST OF ARTIFICIAL ICE PER TON. | DIFFERENCE PER TON. | |
|---|---|---|---|---|---|---|
| June ...Shortage on contract, | 17 | $336\frac{1540}{2000}$ | $5 00 | $3 10 | $1 90 | $639 86 |
| July 1-14 " " " | 12 | 216 | 5 50 | 3 30 | 2 20 | 475 00 |
| " 15-31 " " " | 15 | 270 | 5 00 | 3 30 | 1 70 | 459 00 |
| Aug. 1-24 " " " | 21 | 378 | 5 00 | 3 30 | 1 70 | 642 60 |
| " 25-31 " " " | 6 | 108 | 4 50 | 3 30 | 1 20 | 129 60 |
| Sept. 1-15 " " " | 13 | 234 | 4 50 | 3 30 | 1 20 | 280 80 |
| " 16-23 " " " | 7 | 126 | 4 00 | 3 30 | 70 | 88 20 |
| " 24-30 " " " | 6 | 108 | 5 00 | 3 30 | 1 70 | 183 60 |
| Oct. 1-14 " " " | 7 | 126 | 5 00 | 2 50 | 2 50 | 315 00 |
| " 15-31 " " " | 6 | 108 | 4 00 | 2 50 | 1 50 | 162 00 |
| Nov. 1-30 " " " | 9 | 162 | 4 00 | 2 50 | 1 50 | 243 00 |
| | | $2,172\frac{1540}{2000}$ | | | | $3,657 29 |

Less switching charges on $2,172\frac{1540}{2000}$ tons at 11¼c per ton ...... 241 42

Balance due............. ................................. $3,415 87

Now it is apparent that the whole claim of plaintiff amounted to a claim for an erroneous charge of $38.63 for ice up to June 10, and after that simply for the difference between the contract price which plaintiff was obligated to pay defendants and the lowest market price or value at which it could supply itself with ice in St. Louis, during the remaining period covered by the contract. The defendants were only bound to furnish during the several months specified in the contract a certain number of cars of minimum tonnage. So that the number of cars not furnished was settled by the contract at one hundred and nineteen; the contract price per ton was fixed during each month. All that was open for proof was the price of ice per ton by the car or otherwise during the remaining months of the contract and less eleven and one ninth cents per ton for switching charges. To call this a long account and to say that the trial of such an issue required the examination of a long account on either side is to misapply the plainest and simplest language.

No case in this court is a precedent for holding a case so simple in its nature and so susceptible of easy calculation and computation by a jury as falling within the spirit of section 2138. Certainly the whole issue could have been tried by a jury in a short time without any unnecessary delay or complication.

As the statute itself is an exception to the right of trial by jury we shall not extend it by loose construction. On the contrary a case should clearly appear to fall within the letter and principle of the exception before a party can be deprived of his jury trial. For this error alone the judgment is reversed and the cause remanded for trial in the circuit court.

SHERWOOD and BURGESS, JJ., concur.