# C. VALLEROY, Respondent, v. JOHN J. ENRIGHT, Appellant.

### St. Louis Court of Appeals, December 31, 1913.

1. REFERENCE: Compusory Reference: Right to Accept Part and Reject Part of Report. Notwithstanding an order of reference, in an action at law requiring the examination of a long account, is made by consent, yet, in view of the fact that such an action is the subject of compulsory reference, under Sec. 1996, R. S. 1909, the trial court may review the report of the referee and confirm it in part and reject it in part; it being only in actions at law that are not the subject of a compulsory reference that the court must either accept or reject the report *in toto.*

2. ———: Account: What Constitutes. The mere fact that certain items set forth in a counterclaim accrue as damages for the breach of a building contract because of defective materials and inferior workmanship does not remove them from the category of the account contemplated by Sec. 1996, R. S. 1909, relating to the reference of causes, since they sound in contract.

3. JURY: Right of Trial by Jury: Compulsory Reference. In cases of compulsory reference. under Sec. 1996, R. S. 1909, the right of trial by jury does not obtain as in other actions at law, since the right and power to make the reference inhered in the court by statute antedating our present constitutional provision, preserving the right of trial by jury inviolate to parties litigant as it had theretofore existed.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Charles P. Comer* for appellant.

The motion in arrest should have been sustained. This being a reference by consent of the parties, the court had no power to set aside the referee's report, in part, and sustaining it as to part, but should have rejected it as a whole, or affirmed it as such. Clark v. Phillips, 99 Mo. 550; Lingenfelder v. Wainwright Brewery Co., 103 Mo. 578; Kansas City H. P. B. Co. v. Pratt, 114 Mo. App. 643.

*Johnson, Rutledge & Lahsly* and *R. L. Ailworth* for respondent.

(1) This is not a reference by consent, but one by order of court under the statute. (2) This being a reference under the statute, the court had the power and authority to review both the findings of fact and law, or either, made by the referee, and the court acted within its authority in this case. Lock v. Breck, 166 Mo. 242; West v. Bank, 110 Mo. App. 290; Kansas City Hydraulic Press Brick Co. v. Pratt, 114 Mo. App. 643; Lingenfelder, etc., v. Wainwright Brewing Co., 103 Mo. 578; Wentzville Tobacco Co. v. Walker, 123 Mo. 662; Williams v. Santa Fe R. R. Co., 153 Mo. 495.

NORTONI, J.—This is a suit on an account for extras furnished in the erection of a building. The finding and judgment were for plaintiff, and defendant prosecutes the appeal.

Plaintiff is a contractor and builder and as such erected a house for defendant under a written contract with him. Some changes were had in the plans as the work progressed and numerous extra charges were made by plaintiff therefor. This suit proceeds on an account setting forth a long list of items for extra work done. Defendant denied liability on account of

such charges and averred the extra items for which the suit proceeds were within the contract between the parties. Further answering, defendant interposed a counterclaim against plaintiff and set forth a long list of items wherein it is said plaintiff breached the building contract through defective workmanship and in installing defective materials. Both the account sued upon for the extra work said to have been done and the counterclaim seeking a recovery against plaintiff as for breaches of the contract detail long lists of items in dispute between the parties. The damages prayed for in the counterclaim on account of the breaches of contract are itemized, too, as if they are matters of account between the parties. The court referred the case, as one involving a long account under the statute, to Mr. E. G. Curtis, a member of the St. Louis bar, and directed him to hear the evidence and report thereon. It is said the parties consented to the reference so made, but the order of the court touching that matter reveals no more than that they consented to the referee who was appointed. But be this as it may, we regard the matter of the consent of the parties immaterial, for the case was obviously one for a compulsory reference.

After hearing the evidence, the referee filed his report and recommended a considerable judgment for plaintiff—that is, the referee found for defendant on a number of the items of his counterclaim, rejected others, and recommended a judgment for plaintiff as the balance due on his account, after deducting the allowances in favor of defendant on the counterclaim. Exceptions were filed to this report in due time and the court sustained them in part and found a net balance due plaintiff in the amount of $46.37, after deducting all claims allowed on the counterclaim in favor of defendant. For this amount—$46.37—judgment was given in favor of plaintiff. Defendant prosecutes the appeal and complains alone of the action of the

court in rejecting the referee's report and finding and giving judgment for an amount different from that recommended by the referee.

It is said the court erred in this, for that the suit is one at law on an account, in which the reference was had by consent of parties. Therefore, it is urged the report of the referee stands as a verdict and is to be accepted or rejected by the court in its entirety and may not be reviewed and confirmed in part and rejected in part. Though it be that the parties consented to the reference here, it is entirely clear that the cause was one in which the court was authorized to direct a reference without consent. The pleading on the part of plaintiff reveals an extended account consisting of many items for extra work performed on defendant's building. Defendant's counterclaim sets forth many items and prays a recovery therefor on the theory that plaintiff has breached the building contract with respect to all of them and thus occasioned damages in the amount set opposite thereto. The mere fact that these items set forth in the counterclaim accrue as damages for the breach of a contract because of alleged defective materials and defective and inferior workmanship in constructing the building does not remove them from the category of the account contemplated by the statute, for it is obvious they sound in contract. [See Ittner v. St. Louis Exposition, etc. Co., 97 Mo. 561, 11 S. W. 58.]

The statute (Sec. 1996, R. S. 1909) authorizes the court, even though the parties do not consent thereto, to refer a case where the trial of an issue of fact shall require the examination of a long account on either side. It is obvious the pleadings reveal a long account between the parties and the case was a proper one for compulsory reference—that is to say, for a reference by the court of its own motion, and this, too, without the consent or over the objection of the parties. [See Ittner v. St. Louis Exposition, etc. Co., 97 Mo. 561, 11

S. W. 58; Smith v. Haley, 41 Mo. App. 611.] In such cases, the right of trial by jury does not obtain, as in other suits at law, because it is said the right and power to make the reference inhered in the court by statute antedating our present constitutional provision preserving the right of trial by jury inviolate to parties litigant as it theretofore existed—that is, before the adoption of the Constitution. [See Creve Coeur Lake Ice Co. v. Tamm, 138 Mo. 385, 39 S. W. 791.]

In this view, the court may dispense with a jury entirely and order a reference, in cases involving a long account, and on the coming in of the referee's report, review it and exercise its judicial discretion with respect to the matter of approving or rejecting it either as to the whole or in part. In other words, the court may make its own finding on a review of the facts of the case, by accepting a portion of the referee's report and rejecting the remainder, or through rejecting the entire report and making a finding of facts according to its own views in the premises. This is true, too, in such cases, though it be that the parties consented to the reference, for the character of the case is not changed, and the power of the court over it is not abated, in so far as this matter is concerned, by the mere fact of the consent yielded by the parties to the reference. [See Williams v. Chicago, etc., R. Co., 153 Mo. 487, 54 S. W. 689; Lack v. Brecht, 166 Mo. 242, 65 S. W. 976; Wentzville Tobacco Co. v. Walker, 123 Mo. 662, 27 S. W. 639.] However, the right of the court to thus review and correct the findings of fact by a referee on the evidence is confined to those cases where a compulsory reference may be directed under the statute—that is, without the consent of the parties—and to suits in equity where the parties have consented to the reference. [Caruth-Byrnes Hardware Co. v. Wolter, 91 Mo. 484, 3 S. W. 865.] Therefore, it is only in suits at law which are not the subject of a compulsory reference under the statute that the court

is concluded by the referee's finding of fact as if it were a verdict and is required to accept or reject it in *toto*. [See Caruth-Byrnes Hardware Co. v. Wolter, 91 Mo. 484, 3 S. W. 865.]

Here, the case was a proper subject for reference without the consent of the parties, and the mere fact that they consented thereto avails nothing against the power of the court to review the findings of the referee and correct them as appeared proper.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.