JOHN S. KLINGENBERG and GEORGE KLINGEN-BERG, doing business as KLINGENBERG & SON, Respondents, v. JAMES C. DAVIS, Presidential Agent Operating THE MISSOURI PACIFIC RAILROAD, a Corporation, Appellant.*

Kansas City Court of Appeals. January 19, 1925.

1. REFERENCE: Can be no Reference Without Consent Unless Expressly Authorized by Statute. It is well settled that no case can be referred without consent unless it is expressly authorized by section 1426, Revised Statutes 1919.

2. CAUSE OF ACTION: Pleading: Petition in Separate Counts for Loss of Grain in Shipment Held to State Separate Causes of Action Ex Delicto. In an action against carrier for loss of grain in shipment where petition consisting of eighteen counts, each based on a separate shipment, did not allege a contract, but stated separately in each count the facts out of which defendant's common-law duty arose, the breach thereof, and the damages arising therefrom, *held* each count stated a separate cause of action *ex delicto*.

3. REFERENCE: Damages: Action in Tort Cannot be Compulsorily Referred. An action for damages in tort cannot be compulsorily referred.

(1)

4. ————: Petition in Eighteen Counts Each Alleging a Separate Action Ex Delicto Held Not to Involve "Long Account" Warranting Reference Under Statute. In action against carrier for loss of grain in shipment where petition was in eighteen counts, each based on a separate shipment and each count stating a separate cause of action *ex delicto*, the damages not being liquidated and there being no items either of debit or credit to be applied, *held* not to involve examination of a "long account," within meaning of section 1426, Revised Statutes 1919.

5. EVIDENCE: Character of Market Reports Should be Established by Evidence Before Being Used as Basis of Opinion as to Market Value of Grain Lost in Shipment. Where witness was allowed to state market prices, not from his knowledge or experience, but from reports, price lists, etc., furnished by others, without introducing such market reports in evidence and establishing their character, *held* improper as being hearsay testimony.

6. MEASURE OF DAMAGES: Rule as to Measure of Damages for Goods Lost in Transit Stated. The measure of damages for goods lost in transit is the value thereof at the time when, and the place where, they should have been delivered, less freight charges if they have not already been paid.

————

*Corpus Juris-Cyc. References; Actions, 1CJ, p. 1025, n. 13; Carriers, 10CJ, p. 395, n. 75; p. 403, n. 64; 65; Evidence, 22CJ, p. 199, n. 36; p. 215, n. 45; p. 701, n. 45; References, 34 Cyc., p. 778, n. 28; p. 780, n. 36, New; p. 783, n. 58.

Appeal from the Circuit Court of Jackson County.—*Hon. Charles R. Pence,* Judge.

REVERSED AND REMANDED.

*Ben L. Clardy, R. H. Worline* and *W. W. McCanles* for respondents.

*Thos. Hackney* and *Richard H. Beeson* for appellant.

TRIMBLE, P. J.—Plaintiffs sued defendant on a petition in eighteen counts, for loss of grain in as many shipments. The counts are similarly stated, each one setting forth a separate and distinct cause of action

for damages for loss of, or failure to deliver, a certain amount of grain named in the count. The shipments were in different cars, moving on different dates, some to one destination and some to others. All of the shipments originated at Concordia, Missouri, and counts 1 to 12, both inclusive, were destined to Sikeston, Misouri; counts 13 and 14 were on shipments destined to St. Louis, Missouri; all of the foregoing being intrastate shipments; counts 16, 17 and 18 were shipments in interstate commerce, the first of the said three being destined to New Orleans, Louisiana, and the other two to Chester, Illinois. Count 15 was dismissed.

Each count, after stating that plaintiffs were in the general grain business and that defendant was a common carrier for hire, alleged that on a certain date plaintiffs delivered to defendant at Concordia, Missouri, for transportation to the destination named a certain number of pounds of grain which defendant accepted and placed in a certain numbered car, but thereafter defendant delivered to plaintiffs a certain specified less number of pounds, and failed, neglected and refused to deliver the balance, which balance was of a specified value, whereby plaintiffs were damaged in that amount; and the petition, at its close, prayed judgment for the total of all the amounts of damage thus stated, to-wit, $569.39.

The answer was a general denial of the allegations in each and every count.

The case came up for trial at the November term, 1921, of the circuit court of Jackson county, Missouri, when the court, of its own motion and over the objections of the defendant, ordered that the case be referred to a referee to hear the testimony and report his findings of fact and conclusions of law in thirty days.

Within three days, and at the same term, defendant filed motion to set aside the order of reference, which was overruled, and defendant obtained and filed a term bill of exceptions preserving the exceptions made to the court's orders in the entire matter.

A hearing was had before the referee and his report was filed November 2, at the September term, 1922. In it the referee reported his findings on each of the eighteen counts, except the fifteenth which was dismissed by the plaintiffs during the hearing, and the referee stated therein that the "defendant is indebted to plaintiffs on the facts as set forth in all of said counts in the total sum of $550.11."

At the same term, the defendant filed objections to said report, which the court at the November term, December 20, 1922, overruled, and, upon confirming the report, rendered judgment for plaintiffs in the sum of $550.11. The defendant thereupon appealed.

At the hearing before the referee the defendant objected to the introduction of any testimony because the court had no power to order a compulsory reference. Defendant also objected at said hearing to certain testimony deemed incompetent, and at the close of the hearing objected to any finding against defendant.

Section 1426, Revised Statutes 1919, provides that where the parties do not consent, the court upon the application of either party, or upon its own motion, may direct a reference in the following cases, (1) "where the trial of an issue of fact shall require the examination of a long account on either side;" (2) "where the taking of an account shall be necessary for the information of the court, before judgment;" (3) "where a question of fact other than upon the pleadings shall arise upon motion or otherwise, in any stage of the action." Manifestly, the case at bar can come, if at all, only under the first of the above-named instances, that is to say, only on the theory that the claims embodied in the above-mentioned counts constituted a "long account" within the meaning of the statute, the examination of which was required by a trial of the issues involved. It is well settled that no case can be referred without consent unless it is expressly authorized by the statute. [Thornton v. Life Assn. of America, 7 Mo. App. 544.] The case must fall clearly within the letter and principle of the statute, before it can be thus

referred. [Creve Coeur, etc., Ice Co. v. Tamm, 138 Mo. 385, 390.] And in this last-cited case it is held, quoting Ittner v. St. Louis Exposition Co., 97 Mo. 561, 567, that "an account is a detailed statement of the mutual demands in the nature of a *debit* and *credit* between parties, arising out of *contract* or some fiduciary relation." And that "an itemized claim for damages growing out of a breach of a *contract* was properly referred." (Italics ours.)

It will be observed that the petition does not allege a *contract,* but merely states separately in each count, the facts out of which defendant's common-law duty arose, the breach thereof, and the damages arising therefrom, and, therefore, each count stated a separate cause of action *ex delicto.* [Heil v. St. Louis, etc., R. Co., 16 Mo. App. 363, 367; Clark v. St. Louis, etc., R. Co., 64 Mo. 440, 443, 446; Merritt Creamery Co. v. Atchison, etc., R. Co., 128 Mo. App. 420, 422, 425; Wernick v. St. Louis, etc., R. Co., 131 Mo. App. 37, 39; Meade v. Missouri, etc., R. Co., 183 Mo. App. 353.]

It is furthermore well settled that an action for damages in *tort* cannot be compulsorily referred. [Foster v. Missouri, etc., R. Co., 143 Mo. App. 547, 551; Ittner v. St. Louis Exposition Co., 97 Mo. 561, 567; Martin v. Hall, 26 Mo. 386, 389; Reed v. Young, 248 Mo. 606, 614-615.]

Moreover, we are unable to see wherein the trial of each of the separate causes of action in the petition involved the examination of a "long account" as that term is used in the statute. The counts are not based on contract, the damages are not liquidated, no items either of debit or credit are to be applied, and no long account is to be examined. Each count set up a separate and complete transaction, a separate suit, distinct in itself and involving only the question of the shipment of the amount of grain claimed and whether or not the amount thereof was delivered and the value of that not delivered. The fact that eighteen counts of this character were joined in one petition would not create an *ac-*

*count,* within the meaning of the statute, certainly not out of that which in its very nature is not an account. Nor would the determination of the issues raised in each count involve the examination of an account as the basis of the suit. In the case of Creve Coeur Ice Co. v. Tamm, 138 Mo. 385, the case was based on a contract to furnish ice during the year, in which defendant was to furnish a specified number of tons per month. The pleadings alleged that certain ice was furnished, but that during other months it was not furnished, and a statement in the *form* of an account was appended to the petition. Yet the court held that there was no "precedent for holding a case so simple in its nature and so susceptible of easy calculation and computation by a jury as falling within the spirit" of the statute relating to the reference of a long account. Likewise the case of Browning v. North Missouri, etc., R. Co., 284 Mo. 439, was an action for breach of a contract and involved a number of items that might be placed in the shape of an account, yet the court held that it was not a case for compulsory reference. [See also Roth Tool Co. v. Champ Spring Co., 146 Mo. App. 1, 31-32; Snyder v. Crutcher, 137 Mo. App. 121, 130.]

The case at bar is not at all like that of Craig v. McNichols Furniture Co., 187 S. W. 793, for that had as its sole basis a long account of mutual debits and credits, and it, therefore, involved the examination of just such an account as the statute contemplated. The case of Johnson v. Star Bucket Pump Co., 274 Mo. 414, likewise is based upon an account in the strictest sense of that term for materials furnished, and having many items of debit and credit therein. The same is true of the cases of City of St. Louis v. Parker-Washington Co., 196 S. W. 767; Ittner v. St. Louis Exposition Co., 97 Mo. 561; Mulloy v. Mulloy, Admx., 131 Mo. App. 654.

It is begging the question to say that even if the case is not one for compulsory reference, nevertheless the reference was harmless error. If it was not within the statute, then there has been no trial, and surely no one

can contend for a moment that plaintiffs' right to re-
cover appears as a matter of law. Nor are we able to
see how or in what way defendant has waived the error
committed in referring the case. Defendant at all times,
from first to last, objected to the reference, and the
initial objections were properly preserved by a term bill
of exceptions and the subsequent objections by the final
bill. Respondents are mistaken in asserting that there
was no term bill. Nor can it be correctly said that the
motions for new trial and in arrest are insufficient to
preserve the error for review.

The case will have to be reversed and remanded and
it is therefore unnecessary to go minutely into the other
points raised by appellant. It is proper, however, to say
that evidence as to damages should be elicited from the
best and not from secondary sources. The witness was
allowed to state the market prices, not from his own
knowledge or experience, but from reports, price lists,
etc., furnished by others. The "market reports" par-
taking of a *quasi*-official character and accepted generally
by those engaged in that business, if forming a partial
foundation for the evidence of those engaged and ex-
perienced in such business, should be introduced in evi-
dence and their character established before they can be
so used, otherwise, to allow a witness to base his opinion
on values contained in unidentified documents, is to open
the door to hearsay testimony. [Fountain v. Wabash
R. Co., 114 Mo. App. 676; Stockwell v. Union Pacific R.
Co., 182 S. W. 829, 830.]

Furthermore, the evidence on the measure of dam-
ages should not be based on value at the point of ship-
ment; the measure of damages for goods lost in transit
is the value thereof at the time when, and the place where,
they should have been delivered, less perhaps freight
charges if they have not already been paid. This is true
of intrastate shipments. [Sec. 9959, R. S. 1919; Fehren-
bach, etc., Co. v. Atchison, etc., R. Co., 182 Mo. App. 1,
11; 10 C. J. 395, sec. 606; Ward v. American Ry. Exp.
Co., 259 S. W. 515, 517.] And it is likewise true of in-

terstate shipments if that is greater than the value at time and place of shipment. [Chicago, etc., R. Co. v. McCaull-Dinsmore Co., 253 U. S. 97.]

The judgment is reversed and the cause remanded. The other judges concur.