MULLOY, Respondent, v. MULLOY, Administratrix, Appellant.

St. Louis Court of Appeals, May 26, 1908.

1. **PRACTICE: Reference.** In an action where a counterclaim was filed upon an account from which it appeared that no approximate finding of the facts relating to the account could be made without an examination of books of account, it was proper for the court to direct a reference.

2. **EVIDENCE: Admissions: Book Account: Part of Book.** Where in support of a counterclaim based upon an account which the defendant had with the plaintiff, the defendant offered one page in a book of account kept by the plaintiff to prove the indebtedness set up in the counterclaim, and it was shown

that the book of several hundred pages, purported to contain an itemized statement of all the transactions between the parties, it was not error to reject in evidence the page offered where the offer did not include the entire book.

3. **PRACTICE: Finding by Referee.** In an action for services rendered by the plaintiff, where the defendant set up a number of counterclaims and the matter was referred by the trial court, the findings of the referee *pro* and *con* are set forth and held to be sustained by the evidence.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*T. D. Steele* for appellant.

(1)    Whether or not a case may be referred over the objections of one or both parties to a suit, must be determined by the pleadings and the issues raised by the pleadings. Kenneth Inv. Co. v. Bank, 96 Mo. App. 133; The Father Matthew Society v. Fitzwilliam, 84 Mo. 406; Johnson v. Blell, 61 Mo. App. 37.    But in the case at bar there was no long account in dispute that required examination to determine any issue, and the referee found for plaintiff without the examination of any account at all.    In such cases it is error to compel a reference.    Thornton v. Life Ass'n, 7 Mo. App. 544. (2)    Being a party to the record, and the party in interest, the admission and statements of the plaintiff against his interest, and in conflict with his present claim or attitude, are admissible in evidence against him whenever and wherever made.    1 Greenl. on Ev. (13 Ed.), sec. 171, note 2; Schlicker v. Gordon, 19 Mo. App. 485.    And under the pleadings and the facts in this case the page in the book was admissible as primary or substantive evidence as an account rendered and could only be overcome or surcharged by pleading and proving a mistake or payment, which was not attempted. The rule is well settled in this State that if there were

admissions or statements in the book offered in evidence, it would have been the duty of the referee to accept that portion against plaintiff and reject that in his favor, but there was nothing in the book pertaining to the beer account, except the page offered in evidence. Johnson v. Blell, 61 Mo. App. 42; Kritzer v. Smith, 21 Mo. 301; Bogie v. Nolan, 96 Mo. 91; Bank v. Nichols, 202 Mo. 323. (3) When the court may refer a case without the consent of the parties, it may act on the evidence reported by the referee and find different conclusions of fact from those reported by the referee and is not bound by the findings of the referee. Utley v. Hill, 155 Mo. 276; Bond v. Finley, 74 Mo. App. 22; Cahill v. McCornish, 74 Mo. App. 609; Wentville Co. v. Walker, 123 Mo. 662; Bernard v. Mott, 89 Mo. App. 403.

*W. Cloud & D. H. Kemp* for respondent.

BLAND, P. J.—The petition is in two counts. The first one states that the estate of R. A. Mulloy is indebted to plaintiff in the sum of $797.46, as balance due him for twenty-seven months' work and labor performed for R. A. Mulloy, at the agreed wage of forty dollars per month. The second count is to recover an alleged balance of $98.60, due on a promissory note (filed with the petition) executed by R. A. Mulloy in his lifetime and payable to plaintiff. The answer is first, a general denial and, second, four separate counterclaims. The first counterclaim states that plaintiff is indebted to the estate of R. A. Mulloy in the sum of $1,409.34, on account of beer sold and delivered to plaintiff by R. A. Mulloy in his lifetime, an itemized account of which (alleged to have been furnished by plaintiff to defendant) was filed with the answer. The second counterclaim states that plaintiff owes the estate of R. A. Mulloy the sum of $917.18, on account of beer, ice and soda water sold for him by plaintiff as the agent or employee of said R. A. Mulloy in his lifetime, for

which it is alleged plaintiff never rendered said R. A. Mulloy, or his administratrix any account. An itemized account of the beer, ice, etc., so sold was filed with the answer. The third count is based on a promissory note of plaintiff for $50, dated February 25, 1903, payable to R. A. Mulloy, which note is indorsed with a credit of $3.65, June 26, 1898. The fourth counterclaim alleges that plaintiff, after the death of R. A. Mulloy, collected beer accounts due the estate, amounting to the sum of $30. The case was continued at the February term, 1906, to the September term, 1906. At the September term, 1906, after a jury of eighteen men had been qualified to try the issues in the cause, and each party had made his challenges and the list of the twelve jurors selected to try the cause had been handed to the clerk, plaintiff filed a replication, in which it was alleged, among other things, that on the fifth day of May, 1904, plaintiff and R. A. Mulloy became partners in a dramshop and continued to be partners in said business until the day of R. A. Mulloy's death, March ————, 1905, and that the items of beer mentioned in defendant's first counterclaim were partnership transactions; that no settlement of the partnership had ever been made between plaintiff and said R. A. Mulloy; pleaded payment of the second counterclaim; the statute of limitations as to the third, and denied the fourth one. Defendant moved to strike out the replication and for judgment on the pleadings. These motions were overruled by the court; and on plaintiff's motion, over the objections of defendant, the court sent the case to a referee. Defendant filed a motion to set aside the order of reference which the court also overruled. The referee heard the evidence, made findings and reported the evidence heard and the findings to the court. Defendant filed numerous exceptions to the report which the court overruled and entered judgment for plaintiff

for the sum of $760.80, as recommended by the referee. Defendant appealed from this judgment.

1.    The itemized account filed with the first counterclaim occupies an entire printed page of the abstract and the itemized account filed with the second counterclaim covers eleven pages of the abstract, and though no books of account were examined at the hearing before the referee, yet it is very apparent that no correct, or approximately correct, finding can be made without the examination of a book or books of account, which the evidence shows were kept by plaintiff.    On this showing we are inclined to the opinion that the case was properly referred.

2.    The motion to strike out the reply is not copied in the abstracts; if said motion was to strike out the entire reply, the court did not err in overruling it.

3.    The referee heard Patrick Ryan and Mrs. Patrick Ryan, the sister and brother-in-law of plaintiff and of the deceased, and also the evidence of Louis King. The evidence of these witnesses conduces to show that R. A. Mulloy kept a beer house for the Anheuser-Busch Brewing Company at Monett and one at Pierce City, Missouri, and that plaintiff worked for him two years or more as a hauler and deliverer of beer, ice and soda water and his services were reasonably worth forty dollars per month.    One of the witnesses also testified to an admission of R. A. Mulloy, that he was paying plaintiff forty dollars a month for his work.    Defendant offered page 64 of some book of account, containing about 500 pages, which it appears plaintiff kept, to show, as stated, by plaintiff's own book account that he was indebted to the estate in the sum of $1,512.74 on the beer account.    Plaintiff objected to this particular page unless defendant would agree to offer the entire book.    Defendant declined to read the entire book of accounts, the referee sustained the objection and the book was thus kept out of evidence.    The book, as shown

by defendant's evidence was kept by plaintiff and purported to be an itemized statement of the account between R. A. Mulloy, the deceased, and plaintiff and was placed in the hands of defendant's attorney by plaintiff as an exhibit of the true condition of the account, therefore, it would be manifestly unjust to permit the defendant to select a single page of the book and offer it in evidence for the purpose of showing an admission by plaintiff against his interest.    The book was evidence in its entirety and it would have been improper to admit a part of it.    [1 Greene on Evidence (Lewis Ed.), sec. 201; Todd v. Terry, 26 Mo. App. 598.]

4.  Defendant offered two drafts in evidence, one drawn by Peter Mulloy in favor of R. A. Mulloy for $700, dated October 10, 1904, and paid October 13, 1904; the other for $100, dated October 24, 1904, drawn by Peter Mulloy in favor of R. A. Mulloy and was paid October 27, 1904.    The referee applied these checks on the second counterclaim and found there was no evidence whatever in support of the first one.    It was agreed by both parties that the notes sued on in the second count of the petition and the one sued on in the third counterclaim should be off-set one against the other.

6.  On the fourth counterclaim the referee found plaintiff indebted to defendant in the sum of sixteen dollars on account of beer accounts collected by plaintiff after the death of R. A. Mulloy.    This amount and the balance found due defendant on the second counterclaim were deducted by the referee from the amount ($760.80) found to be due plaintiff on the first count in his petition, and judgment was recommended for the balance, $628.77, and rendered in plaintiff's favor for this amount.    We think the evidence supports the finding of the referee and discovering no reversible error in the proceeding, the judgment is affirmed.    All concur.