## J. W. BARGER, Respondent, v. J. H. BEACH, Appellant.

### Springfield Court of Appeals, April 4, 1910.

1. **PRACTICE: Compulsory Reference.** The statute providing for compulsory reference in certain law cases has been declared constitutional by our Supreme Court, but the right to trial by jury is a sacred one and legislation attempting to give that right into the hands of a referee should be strictly construed.

2. ————: ————: **Right to Trial by Jury.** In a suit for $250 damages, plaintiff claimed that he had purchased 500 pairs of shoes of defendant, and was to have them at what they cost the defendant; but that defendant deceived plaintiff as to the cost mark so that he paid defendant fifty cents more per pair for the shoes than they had cost. Defendant claimed that, under the sale to plaintiff, he was to receive fifty cents above cost for each pair of shoes. *Held*, that the issues are simple and that the defendant was entitled to trial by jury and the trial court erred in referring the case over the objections of the defendant.

3. ————: ————: **Waiver.** Where a cause is improperly referred, over the objections and exceptions of defendant, and the referee finds the issues for the defendant, which finding the defendant is willing to accept, but the court refuses to approve of the referee's finding and finds for the plaintiff, the defendant still has a right under his original objection to the reference to insist upon a trial by jury.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

REVERSED AND REMANDED (*with directions.*)

*O. E. Gorman* and *A. H. Wear* for appellant.

The court erred in referring this case over the objection of defendant. R. S. 1899, sec. 698; Ice Co. v. Tamm, 138 Mo. 385; Dooley v. Barker, 2 Mo. App. 325; Thornton v. Life Ass'n, 7 Mo. App. 544; Kent v. Highleyman, 28 Mo. App. 614; Father Matthew Society v. Fitzwilliams, 12 Mo. App. 445; Ittner v. St. Louis Ex.

Assn., 97 Mo. 567; Bouvier Law Dictionary; Schmidt v. Rose, 6 Mo. App. 579; Snyder v. Crutcher, 137 Mo. App. 121; Investment Co. v. Bank, 96 Mo. App. 125.

*A. C. Hayward, O. T. Hamlin* and *Alfred Page* for respondent.

(1) The mere fact that appellant did not controvert the contention that he charged respondent just fifty cents per pair more than the cost mark indicated, and that this was done on four hundred and ninety-six pairs of shoes, thus greatly simplifying the issues in the cause, does not render the reference improper. Father Matthew Society v. Fitzwilliams, 12 Mo. App. 445; Johnson v. Blell, 61 Mo. App. 40. (2) There can be no question under the law in this State but that the court has a right to set aside the findings of a referee, and render such judgment as the law and the evidence require. Utley v. Hill, 155 Mo. 276; Tobacco Co. v. Walker, 123 Mo. 671; Hardware Co. v. Walter, 91 Mo. 484; State ex rel. v. Hurlstone, 92 Mo. 327.

GRAY, J.—This cause originated before C. A. Hubbard, a justice of the peace in Greene county, on the 26th day of June, 1907. The plaintiff's cause of action consisted of a statement filed in the justice court, in which he alleged that on the 7th day of June, 1907, he contracted with defendant to purchase a stock of shoes, and defendant agreed to sell said shoes to the plaintiff at the price said shoes cost defendant, and which said price was marked in defendant's cost mark upon each box of shoes; that he did not know the meaning of defendant's cost mark, and relied upon the defendant interpreting same for him; that the defendant wrongfully charged the plaintiff fifty cents per pair more for said shoes than they cost the defendant, by reason of which the plaintiff paid to the defendant fifty cents per pair for five hundred pairs of shoes so

Barger v. Beach.

purchased, more than he should have paid for said shoes, and asked judgment for $250. The cause was tried before a jury in the justice court, resulting in a verdict and judgment in favor of plaintiff for $248, and defendant appealed to the circuit court of Greene county.

In the circuit court the plaintiff filed a motion to have the cause referred to a referee, and assigned as reasons therefor, that the trial of the issue of fact in the case would require the examination of a long account on the part of plaintiff. The court appointed a referee, to which action of the court defendant excepted. The cause was tried before the referee and a report was made by him recommending that judgment be rendered in favor of the defendant. The plaintiff filed exceptions to the report of the referee, and which were, by the court, sustained, and a judgment rendered by the court in favor of the plaintiff in the sum of $248. The action of the court in setting aside the report of the referee and rendering judgment thereon, was objected to and excepted to by the defendant. The defendant also in his motion for new trial, complained of the action of the court in appointing the referee.

The only point in which we are concerned on this appeal, is the action of the court in appointing a referee in the case. The statute authorizes the court to appoint a referee, where the parties do not consent, in a case where the trial of an issue of fact shall require the examination of a long account on either side. The right to trial by jury is a sacred one enjoyed by our people, and legislation attempting to give that right into the hands of a referee, should be strictly construed; and any attempt to legislate, or by judicial interpretation, take from the people the statutory right thus guaranteed, and for a long time enjoyed, should not be encouraged by the courts. Indeed, there are many States in the Union in which the highest courts have held that statutes authorizing compulsory references in actions at law in

trials of issues of fact, are unconstitutional. These authorities are collected in the note to Russell v. Alt, decided by the Supreme Court of Idaho, in 1907, and reported in the 13 L. R. A. (N. S.) 146. Our Supreme Court has held the statute constitutional, but declared that it is an exception to the right of trial by jury, and a case should clearly appear to fall within the letter and principles of the statute before a party can be deprived of his jury trial. [Ice Co. v. Tamm, 138 Mo. 385, 39 S. W. 791.]

In this case, the plaintiff alleged that he had purchased five hundred pairs of shoes of defendant, and he was to have them at what they had cost the defendant, and that this cost was shown by the mark of the defendant on the different boxes in which the shoes were contained; that the defendant deceived the, plaintiff, as to the cost mark, and as the mark was interpreted by the defendant and accepted by plaintiff, he did pay fifty cents more on a pair for the shoes than they really cost defendant.

The plaintiff's evidence disclosed that defendant told the plaintiff to take the cost mark on the shoes (which was in figures), divide the first figure by four, add five to the second figure, and he would have the true cost price. To illustrate: If the cost mark on the shoes was four dollars, then the defendant told the plaintiff to determine the true cost price, divide the first figure by four, add five to the second figure, and he would have the true price. This would make the true cost price one dollar and fifty cents. The evidence shows that the true cost price was determined simply by dividing the first figure by four. The act of adding five to the second figure in the cost mark, had the effect of adding fifty cents to the price of each pair of shoes.

The contention of the defendant at the trial was that he did not agree to sell the shoes to the plaintiff at cost. He admitted that by dividing the first figure

by four, the true cost price would be learned, and that he told the plaintiff to divide the first figure by four and add five to the second figure, and he would deter-·mine what the shoes were to cost him. In other words, the sole issue between the parties was: Did the defendant agree to sell the shoes to plaintiff at cost? If he did, the plaintiff paid fifty cents per pair more than he should have paid. If he did not, then the plaintiff was not entitled to recover.

This statute authorizing the court to appoint a referee in cases where the parties do not consent, has been recently considered by the St. Louis Court of Appeals in Snyder v. Crutcher, 137 Mo. App. 121, 118 S. W. 489. In that suit the cause was originally commenced before a justice of the peace in Greene county. The plaintiff complained that he had borrowed from one of the defendants various sums of money, evidenced by various notes, and had been charged and had paid, by way of interest, various amounts which he claimed were usurious, and that he had given to the other defendant a note for substantially the same debt, and that the subsequent note was given to avoid the usury laws and was without consideration. The defendants answered, denying the allegations of the petition, and set up counterclaims in the sum of $38.50. The cause was tried before a justice, and when it reached the circuit court, was referred under the statute. Judge Reynolds, in speaking of the action of the court appointing a referee, said: "We have set out the pleadings in various steps in the case perhaps with unnecessary detail; but we have done that to call attention to what we cannot but regard as the unnecessary and costly evils resulting from an ill-advised reference of a very simple case, originating before, and clearly within the jurisdiction of, a justice of the peace and taken by appeal from his court to the circuit court. This did not involve the taking of a long account, within the purview of the statute. On the substantive facts in the case de-

fendants were entitled to a jury. They did not waive it, but insisted on their right to it all through the proceeding."

In Ice Co. v. Tamm, supra, the account involved was more complicated than the one in this case, and yet the court reversed the judgment on account of the single error of the court in appointing a referee.

In this case there was no dispute but what fifty cents per pair was charged the plaintiff in excess of what the shoes cost. The only difference between the parties being the terms of the contract as to the price plaintiff was to pay for the shoes. There is no precedent for holding a case so simple as falling within the spirit or letter of our statute.

The plaintiff says that defendant is in no position to complain because the referee found the issues for him. The trouble with this is that the court refused to approve the report of the referee, but set it aside and rendered a judgment based on its own finding of the facts in the case. On this point, we quote with approval the language of the Supreme Court of Iowa, in Tufts v. Norris, 88 N. W. 368: "But it is said plaintiff waived his right to object to the reference, because he moved for judgment on the report of the referee, which was in his favor. He had previously excepted to the order of reference. If, when the report came in he was content to accept it if the court would enter an order of confirmation, we do not see why he should lose his rights under the exception when the court refused its approval."

There is no reason why this cause cannot be tried before a jury in a short time and without any unnecessary delays or complication, and this being true, the defendant cannot be deprived of his jury trial. The judgment of the trial court will be reversed and the cause remanded with directions to proceed to try the cause without the aid of a referee. All concur.