## WEST PUBLISHING COMPANY, Respondent, v. SAM J. CORBETT, Appellant.

### St. Louis Court of Appeals, April 2, 1912.

1. **ASSUMPSIT: Action for Purchase Price of Goods: Sufficiency of Evidence.** In an action for the purchase price of books, evidence *held* sufficient to warrant a finding that defendant was indebted to plaintiff for the books.

2. **PAYMENT: Burden of Proof.** In an action for an indebtedness, where the indebtedness is established, the burden of proving payment is upon the debtor.

3. **PRINCIPAL AND AGENT: Collection of Account: Authority of Agent.** An agent for the collection of an account may not, without express authority, receive anything but money in payment, and if he takes a note or anything other than money, the debtor is not discharged, unless his action is ratified by his principal.

4. ————: ————: ————: **Ratification: Burden of Proof.** In an action on an account, a defendant who pleads the taking of a note in payment by an agent for collection has the burden of establishing the agent's authority or the principal's ratification of his act.

5. ————: ————: ————: ————: **Sufficiency of Evidence.** In an action on an account, where the defendant pleaded the taking of a note in payment by an agent who had the account for collection, evidence *held* to show that the agent had no authority to take the note in payment, and that his act was not ratified; and hence a declaration in the nature of a demurrer to the evidence was properly refused.

6. **PAYMENT: Bills and Notes: Effect of Giving Note in Payment.** The taking of a debtor's note by the creditor does not operate as a payment of the debt, in the absence of a special

agreement that it shall so operate, and hence, in the absence of such an agreement, an action may still be maintained on the original indebtedness.

7. ———: ———: ———: **Burden of Proof.** The debtor has the burden of establishing that a note given by him to the creditor was taken by the creditor in payment of the debt.

8. **APPELLATE PRACTICE: Conclusiveness of Finding of Facts.** In an action at law, a finding on conflicting evidence is conclusive, on appeal.

9. **PAYMENT: Bills and Notes: Payment by Note: Non-production of Note.** The non-production of a note, given for the original debt, is sufficiently accounted for, in an action on the original debt where such production is necessary, by showing it had been lost or destroyed and had not been sold.

10. ———: ———: ———: ———. Where the creditor's agent, having an account for collection, took the debtor's note in payment, without authority, and such act was not subsequently ratified by the creditor, the latter, in an action on the original indebtedness, was not required to produce the note or account for its non-production.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*McKay & Corbett* for appellant.

The evidence clearly establishes the fact that appellant gave his note in full satisfaction of his open account with respondent and this action should have been upon the note and the judgment should, therefore, have been for the appellant. Rawlings v. Rawlins, 102 Mo. 563; Curtis v. Browne, 63 Mo. App. 431; Mohney v. Reed, 40 Mo. App. 99; Griffith v. Creighton, 61 Mo. App. 1; 1 Cyc., pp. 336, 337 (d).

*Arthur L. Oliver* for respondent.

(1) The giving of a note does not constitute a payment nor operate as an extinguishment of a prior existing debt, unless expressly received as such. Ber-

shire v. Hoover, 92 Mo. App. 349; Howard v. Shirley, 75 Mo. App. 150; Riggs v. Goodrich, 74 Mo. 108; Black v. Dorman, 51 Mo. 31; Commiskey v. McPike, 20 Mo. App. 82; Harvester Co. v. Blair, 146 Mo. App. 379; Chorn v. Zollinger, 143 Mo. App. 195. (2) One who has taken a note can recover on the original indebtedness if he produces the note for surrender or explains its absence as lost or destroyed. Charlotte v. Lumm, 9 Mo. 64. (3) When it is sought to defeat a recovery in an action on an original indebtedness by showing that such indebtedness was discharged or extinguished through the giving of a note, the burden is on the defendant to show an express agreement to that effect. McMurray v. Taylor, 30 Mo. 263; Harvester Co. v. Blair, 146 Mo. App. 380.

STATEMENT.—This suit originated before a justice of the peace, the plaintiff seeking to recover twenty-four dollars as the balance of the purchase price of certain books sold and delivered by the plaintiff to the defendant and one F. D. Roberts. Upon appeal to the circuit court and a trial had there *de novo,* the plaintiff had judgment for the amount sued for, and the defendant has appealed to this court. The evidence on the part of the plaintiff tended to prove that the balance claimed was justly due from the defendant to the plaintiff. But while plaintiff's attorney, who testified on its behalf, was under cross-examination the defendant elicited from him testimony to the effect that having the account against the defendant in hand for *collection,* he took a note from the defendant, on which one B. A. McKay was surety, for twelve dollars, part of the account; that in taking the note he acted without the authority of his principal; that he did not accept the note in payment or extinguishment of the pre-existing indebtedness or make any agreement to that effect. As to what became of the note the witness further testified on cross-examination, "I haven't

that note now. I don't know what became of it. The note has been lost; I regarded it worthless. No sir, I didn't send it to the house. I don't know whether I threw it away; I kept it for ninety days, until it was due I think and then destroyed or lost it. 'I didn't pay any attention to it. . . . I have looked for the note before bringing this suit, but couldn't find it. No sir, I didn't sell it to anybody, and I promise it will never show up hereafter." The defendant, who was his own sole witness, gave testimony to the effect that the note had been taken by the attorney with the understanding that it was to operate as a payment of the pre-existing indebtedness.

No declarations of law were requested or given on the part of the plaintiff. At the instance of the defendant the court gave the following:

"The court declares the law to be, that if it believes and finds from the evidence that the plaintiff, by its attorney, accepted the negotiable promissory note of the defendant, on which said note B. A. McKay was surety as payment in full of plaintiff's account against defendant and F. D. Roberts, and that it was agreed and understood between defendant and plaintiff's attorney, at the time of the acceptance of said note by plaintiff's attorney, that said note was to be accepted as payment in full of said account, then and in that event the verdict and judgment of the court should be for the defendant."

The court refused to give a declaration offered by the defendant in the nature of a demurrer to the evidence and also refused to give a declaration offered by the defendant as follows:

No. 2. "The court declares the law to be that if it believes and finds from the evidence, that the plaintiff's agent or attorney accepted defendant's negotiable promissory note in settlement of the account against F. D. Roberts and defendant; and further finds that at the time of the giving of said note by de-

fendant and the acceptance of the same by plaintiff's attorney there was no special agreement to accept the same at payment in full of said account. And further finds and believes from the evidence, that said note was not produced upon the trial of this cause and cancelled, and no sufficient legal excuse given for its nonproduction and cancellation, the plaintiff cannot recover upon the account sued on, and the finding and judgment of the court should be for the defendant.''

CAULFIELD, J. (after stating the facts).—I. Defendant contends that his declaration in the nature of a demurrer to the evidence should have been given. There is no serious controversy but that he was indebted to the plaintiff for the books, and if there was such controversy there was sufficient evidence to sustain the finding against defendant on that issue. The existence of the indebtedness being established, the burden of proving its payment or extinguishment was upon the defendant. Defendant does not assert that there was payment in money, but claims that the taking of the twelve dollar note by plaintiff's attorney operated as a payment of the pre-existing indebtedness, and this conclusively, as matter of law. This position of defendant cannot be upheld for two reasons. (1) An agent for the collection of an account, such as the proof shows plaintiff's attorney was, cannot, without explicit authority, receive anything but money in liquidation of the debt, or bind his principal by any agreement short of an actual collection and receipt of the money; if he receive anything else, such as the note of the debtor, in payment, the debtor is not discharged, unless the action of the agent is ratified by his principal. [Tiedeman on Commercial Paper, sec. 375; Mechem on Agency, sec. 375; 22 Am. & Eng. Ency. Law (2 Ed.), p. 522.] The burden of proving such authority or ratification was upon the defendant, he being the one asserting it. The evidence here dis-

closed that the attorney or agent had the account in hand merely for collection and therefore, as we have seen, he had no implied authority to receive defendant's note in payment. He supplemented the legal inference in that respect by testifying positively that he had no such authority. There is no evidence whatever of ratification. The attorney testified that he did not turn the note over to his principal, the plaintiff, and there is not a scintilla of evidence that the plaintiff or its proper officers ever heard of the note until the cause was on trial in the circuit court. In this state of the record the trial court was justified in ignoring the note altogether in making its finding and rendering judgment. (2) The giving of the note could not operate as a payment of the pre-existing indebtedness in the absence of an express agreement between the parties that it should so operate, and the action might still be maintained on the original indebtedness. [Chorm v. Zollinger, 143 Mo. App. 191, 195, 128 S. W. 213; Harvesting Co. v. Blair, 146 Mo. App. 374, 124 S. W. 49.] The burden was upon the one seeking to defeat a recovery on the original indebtedness, the defendant in this case, to prove such express agreement. [Harvesting Co. v. Blair, supra.] The defendant testified that there was such an agreement with the plaintiff's attorney, but the latter gave testimony to the contrary effect. The trial court found generally against the defendant. Even if the attorney had been authorized to make the agreement such finding upon conflicting testimony would negative the fact that he did make it.

Under this head the defendant also invokes the rule that although a promissory note does not extinguish the original cause of action for which it was given, without a special contract imparting to it that effect, yet it is so far regarded as a payment, that the party to whom it has been given cannot recover on the

original cause of action without producing the note on the trial and cancelling it or accounting for its nonproduction. [Steamboat Charlotte v. Lumm, 9 Mo. 63.] If this rule was applicable under the facts and circumstances of this case, the nonproduction of the note was sufficiently accounted for by the showing that it was lost or destroyed. But we are of the opinion that it would be unreasonable and unlawful to require the plaintiff to account for the nonproduction of a note which, so far as the evidence discloses, was taken without its prior authority or subsequent ratification or knowledge. The declaration of law offered by the defendant in the nature of a demurrer to the evidence was properly refused.

II. Nor do we believe that the court erred in refusing the declaration of law No. 2 offered by the defendant. That declaration would compel the plaintiff to produce and cancel the note or account for its nonproduction regardless of whether the plaintiff had authorized or ratified the taking of the note and without any evidence of such authority or ratification. It was, therefore, erroneous under the view we have already expressed.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.