AJAX RUBBER COMPANY, INC., A Corporation, Respondent, v. D. H. WHITE and CHARLES DORROH, a Co-Partnership, Doing Business Under the Style Name of THE FARMERS SUPPLY COMPANY, Appellants.

In the Springfield Court of Appeals, July 2, 1924.

1. REFERENCE: Compulsory Reference in Suit on Account Involving Many Items Held Proper. In suit on open account containing twenty-five or twenty-six items, in which some eleven or twelve invoices showing items and charges were made part of petition, and in which there was general denial and counterclaims setting up ten or twelve alleged breaches of contract of warranty, appointing referee over protests of defendants was proper.

2. SALES: Contract Held to Make Seller Arbiter of Question of Compliance with Warranty. Contract for sale of automobile tires, warranting them to be free from defects in workmanship or material, but requiring that tires claimed to be defective must be submitted

to seller for examination and for repair or replacement only, if, in judgment of seller, cause of failure to render satisfactory service was faulty material or workmanship, held to make plaintiff arbiter of question of whether warranty was breached.

3. ————: Provision of Contract Making Seller Arbiter of Compliance With Warranty Held Conclusive, in Absence of Fraud. Where contract for sale of automobile tires, warranting them to be free from defects in workmanship and material, made seller arbiter of question of whether warranty had been complied with, seller's decision with respect thereto held conclusive, unless shown to be arbitrary or fraudulent.

Appeal from the Circuit Court of Scott County.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Ward, Reeves & Oliver* for appellants.

(1) This is not a proper case for a reference and the court erred in denying the defendants their right to a jury trial and in making a compulsory reference. Section 28, Article 2, Constitution of Missouri; Reed v. Young, 248 Mo. 616; Foster v. Railroad, 143 Mo. App. 551; Roth Tool Co. v. Spring Co., 146 Mo. App. 32. (2) The referee in his report found that the goods were sold under a warranty to be free from defects in workmanship or material, and that plaintiff agreed to make adjustments on tires failing to give proper service, yet refused to allow defendants anything on tires which testimony of both parties showed were defective. This was error. (3) A person manufacturing a commodity for a specific purpose and use, is held in law to warrant that the commodity is reasonably fit for the purpose for which it is sold, when such use is known to him. Boulware v. Mfg. Co., 152 Mo. App. 575; Fairbanks Co. v. Baskett, 98 Mo. App. 70.

*Harry C. Blanton* for respondent.

(1)   (a)   Suit was properly referred under the law and pleadings in the case; it was proper to refer the same as the petition involved a long account and an accounting between the parties, and the matter is determined by the pleadings rather than the evidence offered at the hearing.   Smith v. Haley, 41 Mo. App. 613; Briscoe v. Kinealy, 8 Mo. App. 78; Craig v. McNichols Co., 187 S. W. 797; Johnston v. Star Bucket Co., 202 S. W. 1143, 274 Mo. 414; McCormick v. St. Louis, 65 S. W. 1038. (b)   Appellant's answer and counterclaim covered seventeen separate items and was properly referred for an action for breach of warranty is *ex contractu* and not *ex delicto* and is referable.   1 C. J. 1021, sec. 143; Hess v. Appleton Co., 164 Mo. App. 153, 148 S. W. 179; Chappell v. Boram, 159 Mo. App. 442, 141 S. W. 19.   (2)   The report of the referee and the judgment of the trial court should be affirmed.   (a)   In a compulsory reference, where referee's report is supported by substantial evidence, it cannot be set aside.   Dunlap v. Elks Club, 25 Mo. App. 180; Feeney v. Chapman, 89 Mo. App. 371; Kline Cloak Co. v. Morris, 240 S. W. 96, 100; Higdon v. Ming, 236 S. W. 384; State ex rel. v. Wilson, 232 S. W. 140, 288 Mo. 315; Ogle v. Sutherland, 207 S. W. l. c. 849.   (b)   Exceptions to referee's report must point out specific rulings assigned as error, and mere generalities are not sufficient.   Smith v. Haley, 41 Mo. App. 614; Dallas v. Brown, 60 Mo. App. 496; Singer Co. v. Givens, 35 Mo. App. 610; Cahill v. McCormick, 74 Mo. App. 613; Van Hoose v. Hines, 180 S. W. 30; Huggins v. Hill, 245 S. W. 1108.   Where a contract provides that one of the parties is to be the judge of whether or not the article sold complies with the contract, both parties are bound by the decision of the party unless that decision is based upon fraud or dishonesty which must be specially pleaded.   Beck Co. v. Holbeck, 82 So. W. 1128, 109 Mo. App. 179; Henley Co. v. Grannis, 157 S. W.

817, 171 Mo. App. 392; Chapman v. Railway, 21 S. W. 858, 114 Mo. 542; Williams v. Ry., 54 S. W. 689, 153 Mo. 487; Gratiot v. Wilkinson, 68 S. W. 585, 94 Mo. App. 528; 24 R. C. L., page 433, sec. 730; 35 Cyc. 227.

FARRINGTON, J.—The plaintiff recovered a judgment in the trial court in a suit on an open account, from which judgment the defendants appealed. The petition is in the usual form, and attached thereto is a copy of a statement of the account and the invoices of the goods sold. The answer was a general denial and a counterclaim asking damages on account of the breach of warranty under which the goods were sold. The statement of account attached to plaintiff's petition contains some 25 or 26 items, showing a balance due plaintiff according to said statement of $174.64. Something like 11 or 12 invoices, showing the items and charges, were attached to the statement which was made a part of the petition; said statement and invoices covering ten pages of the printed abstract before us.

The trial court appointed a referee, over the protest of the defendants, and one of the errors assigned on this appeal is that the case is one that should be tried by a jury and was not referable. We think the cases cited by respondent clearly disposes of this point. The general denial placed the correctness of plaintiff's statement in issue and each of the invoices and items contained therein. In addition to this the counterclaims set up—some ten or twelve—alleged breaches of the contract. The following cases sustain the action of the trial court in making the compulsory reference and hold that the question of whether a compulsory reference is to be made is to be determined by the pleadings. [Craig v. McNichols Furn. Co., 187 S. W. 793, l. c. 797; Smith v. Haley, 41 Mo. App. 611; Briscoe v. Kinealy, 8 Mo. App. 76; Johnson et al. v. Star Bucket Pump Co., 202 S. W. 1143, the latter case holding that the finding of the Referee, when approved by the trial court, in a law case stands

as the verdict of the jury and will not be disturbed if there is substantial evidence to support it.] [See, also, Kline Cloak & Suit Co. v. Morriss, et al., 240 S. W. 96.]

The counterclaims in this case were based on a warranty made in a written contract by the plaintiff, containing the following provision:

"We do not guarantee pneumatic automobile tires for any specific mileage, but every pneumatic automobile tire bearing our name and serial number is warranted by us to be free from defects in workmanship or material."

"Tires claiming to be defective will be received only when all transportation charges are prepaid, and when accompanied by this company's claim form duly filled out and signed by the owner. If, upon an examination it is our judgment that the direct cause of the failure of the tire to render satisfactory service is attributable to faulty material or workmanship, we will, at our option, either repair the tire or replace it for a charge which will compensate for the service rendered by the returned tire, based upon its general appearance and condition."

"Pneumatic automobile tires in which a substitute for air has been used, tires used when not inflated to the pressure recommended by us, used under loads in excess of those recommended by us, used on wheels out of alignment, abused or misused, used on rims other than those bearing these stamps, or which have been injured through accident or design, are not subject to claim hereunder."

"This company does not authorize any dealer or agent to make any other or additional guaranty or warranty."

This contract clearly refers all adjustment to be made to the plaintiff.

The defendants' evidence on the counterclaims tended to show that the automobile tires sold by plaintiff to defendants failed to give satisfactory mileage, and also tended to show that the tires were defective in material and workmanship. On the other hand the plaintiff had some evidence tending to show that the tires upon which

adjustments were denied were not defective or not lacking in workmanship as guaranteed in the contract.

The provisions of the contract and warranty which we have set out placed the entire question of whether the warranty was being complied with in the judgment of the plaintiff. In other words, it makes the plaintiff the arbiter of the question of whether the warranty was breached. The contract upon its face is a harsh contract upon defendants, and one in which they have placed every question that they raise on this appeal as to the defective workmanship and material in the hands of the plaintiff to decide. There is no attempt to plead or prove that the decision which was made by the plaintiff's adjuster was arbitrary or fraudulent. The correspondence shows that on the items claimed by plaintiff some adjustments were offered, which were refused, and others were denied outright.

Under a contract similar to this, in the absence of fraud on the part of the arbiter, we know of no relief that can be granted. [See McCormick v. City of St. Louis, 166 Mo. 315, 65 S. W. 1038.] The same rule has been applied a number of times on railroad and building contracts containing a provision for arbitration of differences between the parties.

The items of defendants' counterclaims went clearly to the breach of warranty and were therefore *ex contractu*. The pleadings made out a case calling for a reference, because the account was long and the questions raised on the counterclaims were many. The referee's report, adopted by the trial court, has substantial testimony to support it. Plaintiff's evidence on the account sustains a finding that the balance claimed and given in judgment was due, and there being no showing that the adjustments made by the plaintiff on the claimed defects were actuated by fraud, there remains but one course open which is to affirm the judgment.

Some mention is made about an item of $24.35. Plaintiff's testimony explained this showing that this item consisted of an incorrect credit claimed by the de-

fendants in making a remittance, which incorrect credit the plaintiff gave on its books and charged the same amount back against the defendants merely as a matter of bookkeeping. The testimony of plaintiff further shows that it then gave the defendants a correct credit.

If the defendants are aggrieved in the transactions which they carried on with the plaintiff, and we do not say that they are not, it is due not to errors in the trial of the case, but can be laid to the character of contract which they entered into. Finding no reversible error in the trial of the case, the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.