## LASLEY v. RIDENOUR.

### No. 21984.

Kansas City Court of Appeals. Missouri.

March 1, 1954.

M. E. Ford, Ellis Cook, Ray Eckles, Maryville, for appellant.

Wade Beavers, Ellis Beavers, Grant City, for respondent.

DEW, Judge.

Plaintiff brought this action to recover certain items claimed to be due him and growing out of an alleged written farm lease made with the defendant lessee, and other transactions with the defendant. The first count of the petition seeks to recover farm rent and certain advancements made to defendant both under said lease and under a later oral revision of the same. The second count is to recover damages for the breach of the contract for failure to perform certain services on and about the farm. The third count prays recovery of $20 for pasture rent. The answer denies the charges made (with a few exceptions) and pleads a counterclaim consisting of two counts. The first count is to recover for services on the farm in the total amount of $160. The second count consists of several items claimed for alleged breaches by the plaintiff of a partnership agreement to farm the property in question, totaling $2468.44. Plaintiff's reply denied the new

matter set forth in the answer and counterclaims.

The jury found for the plaintiff on his petition in the amount of $180.98, and for the defendant on his counterclaims in the amount of $1300.98. Judgment was entered January 10, 1953 for the defendant in the net amount of $1120. Plaintiff filed a motion for new trial, whereupon the court suggested a remittitur by the defendant of $20 as a condition for overruling the motion. The remittitur was made April 20, 1953 and on that date the court made an order "for the purposes of making effective said remittitur", setting the judgment aside, made a new entry of judgment for $1100 as of the date of the verdict, and overruled the motion for new trial. Plaintiff filed a motion to set aside the new entry of judgment. This motion was not passed upon. The plaintiff appealed from the judgment entered on the date of the verdict.

At the outset the plaintiff makes the point that the entry of judgment made by the court on April 20, 1953 is void, being made without authority. He contends that the judgment having been rendered on January 10, 1953, and the court having suggested a remittitur of $20 by the defendant, and the remittitur having been made on April 20, 1953 as a condition to overruling the motion for new trial, the court had power and authority then to set aside the judgment of January 10, 1953, but had no power or authority to enter a *new* judgment as of January 10, 1953. The plaintiff does not suggest any other method of giving proper credit for a remittitur under such circumstances. The action of the court in making the new entry of judgment as of the date of the verdict for the amount of the verdict, less the amount remitted by the defendant, was not the rendition of a *new* judgment in the sense urged by the plaintiff, even though in so doing the original judgment was set aside in the process and re-entered as corrected. It was, in effect, a proper correction of the existing judgment to give effect to the amount thereof remitted.

· That a new entry of judgment as corrected by the remittitur is not only proper but necessary is indicated in State ex rel. Missouri Pacific Ry. Co. v. Broaddus, 212 Mo. 685, 111 S.W. 508, 509. There a remittitur was entered without the formality of a new entry of judgment and it was contended that the entry of remittitur itself nullified the judgment, leaving the amount involved the original judgment less the remittitur. The Supreme Court held that the entry of the remittitur, without any further entry "did not set aside or nullify the judgment of the circuit court, nor amount to the rendition and entry of a new judgment for the sum of the verdict, less the amount of the remittitur." The court ruled that the amount involved on appeal was the original amount of the judgment in the absence of a new entry giving credit for the remittitur.

The procedure herein followed is the customary and accepted method of giving credit on a judgment for a remittitur. Meyer v. St. Louis Public Service Co., Mo.App., 253 S.W.2d 525; Counts v. Thompson, 359 Mo. 485, 222 S.W.2d 487. We think the judgment of January 10, as re-entered and corrected by the court April 20, 1953, in order to credit the remittitur, was not void for want of the court's authority so to do.

■ Unfortunately, the trial court denied the plaintiff's motion for a reference in this case. While it is true that the total of the claims is not large, they are very numerous, calling for a meticulous accounting, some arising out of express contracts, some out of implied contracts, some for moneys advanced, and for services rendered. Plaintiff's claims, submitted to the jury, were sixteen in number and made in three counts of his petition. Defendant's counterclaims were ten in number, made in two counts. Much of the evidence had to do with whose livestock had what increase, whose machinery was used, removed or repaired; what the various crops were, whether proper division of shares were made and received, what breaches of the contract were committed and by whom, and what items were still in controversy.

So confused became the proof that the counsel for the parties stipulated at the close of the testimony that the instructions might disregard the counts pleaded and that the items might be submitted generally as made under plaintiff's petition and under defendant's counterclaim. There was imposed upon the court the precarious and laborious task of conducting such an accounting in a jury trial and to instruct the jury properly upon the multitudinous issues involved. Ajax Rubber Co. v. White, 216 Mo.App. 283, 264 S.W. 466, Section 515.020 RSMo 1949, V.A.M.S. A like burden is now cast upon the appellate court to review the errors claimed to have arisen out of the voluminous record of the proceedings. However, the plaintiff does not preserve the point on appeal that the court erred in refusing a reference and we shall confine our opinion to the points made. Because of the disposition made of the appeal on the points assigned, we deem it unnecessary to set out the evidence, except where essential to the points discussed.

Plaintiff claims that Instruction 4 directs the jury to find for him as to certain items claimed in his petition, but that defendant's Instruction 1 and the court's Instruction 6 authorized the jury to find against plaintiff on his petition. It is urged that those instructions are, therefore, contradictory on their face and constitute reversible error. To understand this point it is necessary to set forth Instruction 3, given at plaintiff's request. It reads as follows:

"Instruction No. 3 (Given)

"The Court instructs the Jury that this action involves an accounting and a determination of the balance due either to Plaintiff or Defendant depending on which is entitled to any balance that the Jury may find due to one or the other.

"The Plaintiff asks judgment against the Defendant for the following items:

"1. Money advanced for car license. ........ $ 20.00
"2. For oats furnished for feed and seed..... 59.50
"3. Hay to feed during winter of 1950 51...... 20.00
"4. Millfeed ................................... 33.33
"5. Seed corn ................................. 15.00
"6. Repairs on machinery..................... 4.35
"7. For gain on hogs sold..................... 66.55
"8. Gasoline purchased and left with defendant ................................... 18.00
"9. Refund of gasoline ....................... 8.00
"10. For a share due plaintiff on calves...... 20.00
"11. Vaccination of stock..................... 1.25

"12. ½ of cream sold............................ 131.65
"13. Rent of pasture for fall of 1951........... 75.00
"14. For costs incurred in cutting cockle-
      ·burs ..................................... 25.00
"15. Cost of plowing ........................... 24.00
"16. Damages by reason of improper farm-
      ing ...................................... 250.00
"17. Rent on pasture on Iowa farm during
      1950 ..................................... 20.00
      "By his counterclaim the Defendant claims
                    for the following items:
"1. Cutting weeds ............................. 50.00
"2. Constructing fence ....................... 60.00
"3. Work on telephone line.................... 50.00
"4. Repair of farm machinery................. 92.46
"5. Cost of furnishing farm machinery....... 500.00
"6. Loss of gain on livestock................. 400.00
"7. Cost of electricity......................... 15.98
"8. Loss of increase from cows............... 500.00
"9. Loss of increase from sows............... 300.00
"10. Damages by being deprived of use and
      occupation of farm....................... 500.00

"The Court instructs the Jury that they should consider each of the items and allow the plaintiff credit for those items found to be due plaintiff, if any, and allow defendant credit for such items as may be found due Defendant, if any, and to render judgment for the amount of any balance found to be due either plaintiff or defendant".

Plaintiff's requested Instruction 4, given by the court, described the nature of each of the items claimed by plaintiff as set forth in his Instruction 3 and, among other things, directed the jury that because of defendant's admissions, it should find for plaintiff on his Item 1; that they should find for the plaintiff on his Item 2 for one-third of the value of feed and seed, not to exceed $59.50; that they should find for plaintiff on his Item 5, for one-third of the value of the seed corn furnished not to exceed $15; that they shou'd find for plaintiff on his Items 8 and 9, for gasoline furnished and a part of the refund therefor, to the extent of one-third of such amount and not to exceed $26; that they should find for plaintiff on his Item 11, not to exceed $1.25; that they should find for plaintiff on his Item 17 and reasonable pasture rent not to exceed $20. Defendant's Instruction 1, in effect, told the jury in part that if the plaintiff removed from his farm his cows and farm machinery in violation of his contract and that defendant was thereby prevented from performing the contract and had substantially complied with it to that time, the verdict should be against the plaintiff on his petition.

By Instruction 6 the court of its own motion instructed the jury as to the forms of the verdict and told them there were four possible findings of which No. 2 was: "It is possible for you to find for the defendant on his counterclaim and against the plaintiff on his petition", and No. 4: "It is possible for you to find against the plaintiff on his petition and against the defendant on his counterclaim". Thus, Instruction 4 directs a verdict for plaintiff on his petition for certain items thereof, and by Instructions 1 and 6, the jury is authorized to find against the plaintiff on his whole petition. It is impossible to determine which of the sixteen items of plaintiff's claims and what amounts constitute the verdict of $180.98 for the plaintiff on his petition, even after the remittitur of $20, and which were disallowed. The conflict in these instructions was reversible error. The items of plaintiff's claims and those of defendant's counterclaims are so interrelated that the error affects the verdict on each.

Plaintiff's next assignment of error is that the court should have sustained plaintiff's motion for a directed verdict on defendant's claim for breach of contract in failing to contribute to the partnership operation stock of "like kind and quality as that livestock contributed by defendant, said failure being a violation of said agreement and contract". It is claimed that there was no evidence of any agreement to furnish livestock of any certain kind or quality. Defendant undertook to show that the plaintiff claimed and received a share of the milk and cream products from defendant's milk cows, while plaintiff furnished only "stock" cows from which no milk was obtained. While the written lease did not specify that plaintiff was to furnish cows of like quality as the defendant, and while the plaintiff's objection to evidence of such agreement was several times sustained, the defendant was permitted, on cross-examination, and without objection, to testify that the plaintiff had said: "I am going to buy dairy stuff to match your cattle and if I don't move the black cattle

and leave them on the place you can have all the cream money off those four cows, my four cows, and that one I was milking of his". And again, without objection, defendant testified on cross-examination, that: "He told me when that lease was there, he said: 'If I don't match your dairy stuff you can have the cream money'. That is just the way he worded it. 'I'm going to move that black stuff and if I don't I will just take my calves off them, two-thirds of the calves'". Thus it cannot be said that there was no evidence of contemporaneous agreement would contribute cattle of like kind and quality "as defendant's", in return for his share of the milk and cream produced. The point is overruled.

■ The plaintiff complains further of defendant's Instruction 1, which authorizes the jury to find for the defendant on his counterclaim for damages for failure of plaintiff to leave farm machinery on the farm for defendant's use as agreed. It is urged that the instruction refers to the "tractor and other tools", whereas there was no evidence that plaintiff removed any of his machinery or tools except the tractor. There was considerable evidence regarding the substitution by the plaintiff of his old tractor for a better one, and that defendant bought and used one of his own and other machinery. However, the evidence makes it sufficiently clear that defendant makes no claim for the removal of any of plaintiff's machinery other than the tractor, and we believe the instruction is not prejudicial in the respect claimed.

■ Next the plaintiff contends that defendant's Instruction 2 was erroneous in that it authorized the jury to speculate and to award damages to defendant for profits lost by being deprived of the increase of the livestock of the plaintiff taken from the farm by plaintiff without defendant's consent, without requiring an accounting by defendant of the increase of his own stock in which plaintiff had a two-thirds interest. In view of defendant's Instruction 1, requiring a finding of full performance of the contract by defendant to authorize a verdict for him on the counterclaim, we believe Instruction 2 is not erroneous in failing to require a consideration of defendant's accounting of profits to the plaintiff. The point is overruled.

Lastly, plaintiff claims the recovery on defendant's counterclaim is excessive. Since this case must be reversed and remanded for retrial it is not necessary that we discuss whether or not defendant's recovery was excessive. Judgment reversed and remanded.

All concur.