E. E. ESTES, d/b/a Saveway Petroleum Company, Plaintiff-Appellant,

v.

E. C. FRANCIS, d/b/a Francis Service Station, Defendant-Respondent.

No. 8086.

Springfield Court of Appeals.

Missouri.

Jan. 24, 1963.

Powell & Jones, John Wm. Ringer, Dexter, for plaintiff-appellant

No appearance for defendant-respondent.

STONE, Judge.

In this suit on account, plaintiff Estes seeks to recover from defendant Francis an alleged balance of $918.26 for gasoline, motor oil, antifreeze, and miscellaneous items sold and delivered to defendant at his service station in Fisk, Missouri, during the period of about thirteen months from February 1957 to March 1958. From the judgment entered upon a jury verdict for defendant, plaintiff appeals.

The initial complaint upon appeal is that the trial court erred in overruling plaintiff's pretrial motion in writing for a compulsory reference of the cause under Rule 68.02(1) [Section 515.020(1)],[1] which provides, in part, that "(w)here the parties do not so consent, the court may, upon the application of either, or of its own motion, direct a reference * * * (w)here the trial of an issue of fact shall require the examination of a long account on either side * * *." Since instant plaintiff's motion for compulsory reference was determinable upon the pleadings then before the court[2] leavened by the assumption that the testimony on the issues made by the pleadings would take the widest permissible latitude,[3] we turn first to the pleadings.

In the first paragraph of his *petition,* plaintiff identified himself as "engaged in the gas and oil business, including the distribution of such products, at Dexter, Missouri." In the second paragraph, plaintiff referred to eighteen exhibits attached to

1. All references to rules are to Supreme Court Rules of Civil Procedure, V.A. M.R., and (except as otherwise specifically stated) all references to statutes are to RSMo 1959, V.A.M.S.

2. Buchanan v. Rechner, 333 Mo. 634, 637, 62 S.W.2d 1071, 1072(3); Minter v. Mid-Continent Petroleum Corp., Mo.App., 147 S.W.2d 120, 122(3); Ajax Rubber Co. v. White, 216 Mo.App. 283, 286, 264 S.W.

466; Craig v. McNichols Furniture Co., Mo.App., 187 S.W. 793, 797(3).

3. Durwood v. Dubinsky, Mo., 291 S.W. 2d 909, 915(7); Vannoy v. Swift & Co., 356 Mo. 218, 220, 201 S.W.2d 350, 351(2); Hancock v. State Highway Com'n., 347 Mo. 944, 949, 149 S.W.2d 323, 825(3); Rice v. Robertson, Mo. App., 48 S.W.2d 172, 179(4).

**145**

and made a part of the petition (the first exhibit being a statement of defendant's account with plaintiff and the other seventeen being copies of itemized invoices), averred that the "petroleum products" listed in the invoices had been sold and delivered to defendant at his special instance and request and at the prices shown on the invoices, and gave the total amount of the debits as $8,767.99. The third paragraph of the petition acknowledged defendant's payments on account aggregating $7,849.73 and alleged "a balance owing of $918.26." In the fourth paragraph, plaintiff asserted that the prices charged for the listed items were reasonable and proper, that defendant had promised and agreed to pay the same, but that he had failed and refused to pay the balance of $918.26 although demand therefor had been made. The prayer was for judgment in the principal sum of $918.26 and interest thereon. Defendant's *answer* was a general denial coupled with an affirmative plea that defendant had "duly paid to plaintiff any sums of money heretofore due and owing by defendant to plaintiff."

In his *motion for compulsory reference,* plaintiff reiterated that his suit was "for various and sundry petroleum products" sold and delivered to defendant during the period from February 1957 to March 1958 as more fully appeared from the petition, stated that "issue was joined on defendant's answer, setting up payment in full of said account," and then asserted that "the trial of the aforesaid issue (of payment) will require the examination of a long account on the side of both parties, consisting of at least 47 items of charges and credits of the aforesaid petroleum products of various dates." After oral argument by counsel, the motion for reference was denied.

▮ It is true that, as plaintiff here points out, compulsory reference of an action at law, otherwise triable by jury, does not deprive a litigant of his constitutional right to trial by jury [Art. I, Sec. 22(a), Const. of Missouri], if the reference is authorized by Rule 68.02. Durwood v. Dubinsky, Mo., 291 S.W.2d 909, 915(6), and cases there cited. And we think it likewise true that Rule 68.02 (in essentially the same language as Section 515.020, which has been brought down from Section 2138, RSMo 1889, through successive decennial statutory revisions) does not commit a request for compulsory reference to the absolute, untrammeled discretion of the trial court, but rather contemplates determination of such request in the exercise of a sound judicial discretion, subject to appellate review. Wahl v. Cunningham, 332 Mo. 21, 32, 56 S.W.2d 1052, 1056(5); Buchanan v. Rechner, 333 Mo. 634, 637, 62 S.W.2d 1071, 1072(1, 2); Couser v. Thayer, Mo.App., 204 S.W. 27(1).

▮ However, use of the permissive "may" in Rule 68.02 indicates that the trial court is invested with a substantial measure of discretion in ruling a request for compulsory reference. Home Exchange Bank of Jamesport v. Koch, 326 Mo. 369, 374, 32 S.W.2d 86, 88. And, in considering instant plaintiff's complaint that denial of his request for compulsory reference constituted an abuse of discretion, we remain mindful of earlier judicial admonitions that, since the statutory provision for compulsory reference afforded an exception to the right of trial by jury, it should be construed strictly [Rice v. Robertson, Mo.App., 48 S.W.2d 172, 173(2)] and should not be extended by loose construction [Creve Coeur Lake Ice Co. v. Tamm, 138 Mo. 385, 393, 39 S.W. 791, 794; Reed v. Young, 248 Mo. 606, 616, 154 S.W. 766, 769], and that, since such compulsory reference encroached upon the constitutional right of trial by jury, reference should not be granted unless the situation in a given case was within the spirit as well as the letter of the statute.[4]

4. Wahl v. Cunningham, 332 Mo. 21, 34, 56 S.W.2d 1052, 1057(8); Buchanan v. Rechner, supra, 333 Mo. loc. cit. 638, 62 S.W.2d loc. cit. 1073(4); Smith v. Ohio Millers' Mut. Fire Ins. Co., 320 Mo. 146, 167–168, 6 S.W.2d 920, 927(5); Barger v. Beach, 142 Mo.App. 389, 392, 127 S.W. 120, 121(1).

The same principles should be no less applicable in construction of Rule 68.02 and in consideration of a request for compulsory reference thereunder.

To his point that "the trial court abused its discretion in refusing to grant" the motion for reference in that the instant case "was distinctively one for a compulsory reference," plaintiff cites nine Missouri cases. We have examined all of these and many more. In seven of plaintiff's cases,[5] the action of the trial court in ordering a compulsory reference was said by the reviewing court to have been proper or not reversibly erroneous. In two of plaintiff's cases [Lasley v. Ridenour, Mo.App., 265 S.W.2d 744, 746(2); Phillips v. Todd, Mo. App., 180 S.W. 1039, 1043(9)], the appellate court suggested that reference should have been ordered. However, neither of those cases was reversed and remanded for failure to refer; and instant plaintiff's counsel frankly confess their inability to find, and our independent research has failed to disclose, any Missouri case in which the trial court's failure or refusal to refer has been held to have constituted reversible error. On the other hand, we find cases[6] in which the refusal to refer was not reversibly erroneous and other cases[7] in which the trial court was convicted of error for ordering compulsory reference.

All of this is not to suggest that denial of a motion for compulsory reference could, in no circumstances, constitute reversible error or that instant plaintiff's complaint should be rejected as without merit simply because (as it appears) no prior case in this jurisdiction has been reversed for the trial court's failure or refusal to order compulsory reference. But the inescapable import of the mass of cited cases is that whether a given account is "a long account" within the contemplation and meaning of Rule 68.02 [Section 515.020(1)] is not susceptible of precise determination by guide or formula, that a trial court is invested with a considerable measure of discretion in ruling a request for compulsory reference, that such request properly may be denied where there is substantial reason to doubt the legal propriety of reference, and that reversible error for refusal to refer may not be found unless the appellate court may declare confidently that such refusal constituted a clear abuse of judicial discretion on the part of the trial court.

■ Our inquiry in the instant case is *not* whether an order of compulsory reference would have been permissible or proper, but rather we are charged with determining whether, in refusing to refer, the trial court "exercised its discretion to the prejudice of the substantial rights" of plaintiff. Cf. Buchanan v. Rechner, supra, 333 Mo. loc. cit. 639, 62 S.W.2d loc. cit. 1073. Conceding that this is a question which has become close and vexing in the illuminating glare of hindsight, we nevertheless are unable to say with assurance that the trial court, *in refusing reference upon the pleadings then before him,* was guilty of a clear abuse of judicial discretion. Therefore, we should not reverse and remand for denial of plaintiff's motion for compulsory reference. However, since (for another reason hereinafter noted) the

5. Vannoy, supra note 3; Wentzville Tobacco Co. v. Walker, 123 Mo. 662, 27 S.W. 639; George L. Cousins Contracting Co. v. Acer Realty Co., Mo.App., 110 S.W. 2d 885; Ajax Rubber Co., supra note 2; Reifschneider v. Beck, 148 Mo.App. 725, 129 S.W. 232; Mulloy v. Mulloy, 131 Mo.App. 654, 111 S.W. 843; Smith v. Haley, 41 Mo.App. 611. To the same effect, see Ittner v. St. Louis Exposition & Music Hall Ass'n., 97 Mo. 561, 11 S.W. 58; Minter and Craig, supra note 2; Hancock and Rice, supra note 3.

6. Buchanan, supra note 2; Wahl, supra note 4; Couser v. Thayer, Mo.App., 204 S.W. 27.

7. Browning v. North Missouri Cent. Ry. Co., 284 Mo. 439, 224 S.W. 748; Creve Coeur Lake Ice Co. v. Tamm, 138 Mo. 385, 39 S.W. 791; Baker v. Baker, Mo. App., 71 S.W.2d 757; Klingenberg v. Davis, 219 Mo.App. 1, 268 S.W. 99; Barger, supra note 4. See also Reed v. Young, 248 Mo. 606, 154 S.W. 766.

judgment must be set aside and the cause remanded anyway, we think it proper to observe that, in our opinion, the course and conduct of the trial convincingly demonstrated that this is a cause which "might be better tried by a referee than a jury." Phillips v. Todd, supra, 180 S.W. loc. cit. 1043. See also Minter v. Mid-Continent Petroleum Corp., Mo.App., 147 S.W.2d 120; George L. Cousins Contracting Co. v. Acer Realty Co., Mo.App., 110 S.W.2d 885, 889(5); Ajax Rubber Co. v. White, 216 Mo.App. 283, 264 S.W. 466; Reifschneider v. Beck, 148 Mo.App. 725, 129 S.W. 232, 234(1). Accordingly, we suggest the advisability of reference by the trial court.

The substance of plaintiff's second point is that the evidence does not support the verdict because defendant failed to sustain his affirmative defense of payment [Rule 55.10; Section 509.090], as to which the burden of proof rested upon him. Machctinger v. Grenzebach, Mo.App., 282 S.W.2d 200, 202(4); Dorroh v. Wall, Mo. App., 297 S.W. 705(1); West Pub. Co. v. Corbett, 165 Mo.App. 7, 145 S.W. 868, 869(1). This, for the reasons (so plaintiff asserts) that defendant "could not definitely identify any of his checks * * * as having been applied on the account sued on" and that defendant "admitted owing $236.01 on the account." Careful examination and searching analysis of the evidence incline us to the view that this point is not wholly without merit. However, the record is not such that we could "dispose finally of the case on appeal" [Rule 83.-13(c); Section 512.160(3)]; and, since the evidence may be clarified and supplemented upon retrial, we pass plaintiff's second point and thereby eschew the temptation to review and record the factual minutiae with which the transcript abounds.

■ Plaintiff's third complaint is that the trial court erred in giving defendant's instruction D1 because, in directing that "if you are unable to determine whether defendant does or does not owe plaintiff, then your verdict should be for the defendant," said instruction cast upon plaintiff a greater burden of proof than the law requires. In Nelson v. Evans, 338 Mo. 991, 996–999, 93 S.W.2d 691, 694–695 (a case not overruled or criticized), our Supreme Court for the same reason (and others) condemned as reversibly erroneous an instruction which included the direction that, if "the truth as to the charge of negligence as against the defendant *remains undetermined in your minds,* after fairly considering the evidence, then your verdict must be for the defendant." (Emphasis by the court) To the same effect, see Snowwhite v. Metropolitan Life Ins. Co., 344 Mo. 705, 714, 127 S.W.2d 718, 724, and Robert v. New York Cent. R. Co., Mo.App., 122 S.W.2d 1, 4(7). Consult also Timper v. Missouri Pac. R. Co., Mo., 98 S.W.2d 548, 549(2), and Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 568–572, 85 S.W.2d 519, 523–525(2). On the cited authority, we are constrained to conclude that the giving of defendant's instruction D1 constituted reversible error. Since we therefore must set aside the judgment, discussion of plaintiff's complaints leveled at defendant's instruction D2 becomes unnecessary.

The judgment for defendant is set aside and the cause is remanded for further proceedings not inconsistent with this opinion.

RUARK, P. J., concurs.